PER CURIAM.
James W. Buffington appealed from a judgment entered on a jury verdict in favor of Sharon Swindall. The Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
Although neither party has raised any issue regarding the timeliness of the appeal, we note that jurisdictional issues are of such significance that an appellate court may take notice of them at any time, ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App.1998). “The timely filing of a notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Potter v. State, Dep’t of Human Resources, 511 So.2d 190 (Ala.Civ.App.1986).
The trial court entered its judgment based on the jury’s verdict on November 21, 1997. On December 17, 1997, Buffington filed a motion for a new trial pursuant to Rule 59, Ala. R. Civ. P. That post-judgment motion was filed within the 30-day time limit imposed by Rule 59, Ala. R. Civ. P. A post-judgment motion that remains pending for 90 days is deemed denied by operation of law. Rule 59.1, Ala. R. Civ. P. The trial court did not rule on Buffington’s post-judgment motion within that 90-day period. Therefore,, the motion was deemed denied by operation of law on the 90th day, March 17, 1998. Although the trial court entered an order on March 18, 1998, that purported to deny Buff-ington’s motion for a new trial, because the 90 days allowed by Rule 59.1 had expired, the trial court no longer had jurisdiction to rule on the.post-judgment motion. See Ex parte Caterpillar, Inc., 708 So.2d 142 (Ala.1997).
It is the responsibility of the parties to follow the status and progress of their case. The parties had 42 days from March 17, 1998, the date on which Buffington’s post-judgment motion was denied by operation of law, in which to file a notice of appeal. Rule 4(a)(1), Ala. R.App. P. Buffington filed his notice of appeal on April 29,1998. That date was 43 days after Buffington’s motion for a new trial was denied by operation of law. Therefore, Buffington’s notice of appeal was not timely filed. Because Buffington’s notice of appeal was not timely filed, this court must dismiss the appeal ex mero motu.
DISMISSED.
All the judges concur.