743 So.2d 467 (1999)
J.W.
v.
W.D.J.
2980368.
Court of Civil Appeals of Alabama.
August 13, 1999.
*468 Ray T. Kennington, Ozark, for appellant.
Robert H. Brogden, Ozark, for appellee.
THOMPSON, Judge.
On March 17, 1998, the Dale County Department of Human Resources ("DHR") filed petitions in the Dale County Juvenile Court, seeking to have R.J. and W.J. declared dependent. The petitions stated that DHR was at that time investigating a recent sexual-abuse allegation by R.J. against her stepfather, R.W. The petition also stated that in the week before DHR filed its petition related to R.J. and W.J., R.W.'s two children from a previous marriage had been removed from his custody following allegations of sexual abuse against R.W. made by his minor daughter. DHR requested in its petitions that the juvenile court award temporary custody of R.J. and W.J. (hereinafter "the children") to their father, W.D.J. (hereinafter "the father").
We note that R.W. is married to J.W., the children's mother. In 1992, R.J., who was five years old at the time, alleged that R.W. had sexually abused her. The record indicates that DHR investigated those allegations and concluded that the allegations were "indicated." In connection with those allegations of sexual abuse, R.W. was charged with rape, sodomy, and first-degree sexual abuse; he pleaded guilty to harassment in connection with those charges. In 1996, DHR's investigation of additional allegations of sexual abuse by R.W. against R.J. also found those allegations to be "indicated."
The juvenile court conducted a hearing on DHR's dependency petition. The court awarded temporary custody of R.J. and W.J. to DHR and awarded temporary *469 physical custody of the children to the father. In that order, the court also awarded the children's mother, J.W., visitation with the children but specified that during the mother's visitation, the children were to have no contact with R.W.
In April 1998, the father moved pursuant to Rule 24, Ala. R. Civ. P., to intervene in the dependency action. On that same date, the father filed in the juvenile court a petition for permanent legal and physical custody of both children. The juvenile court granted the father's petition to intervene and ordered that the father be made a party to the juvenile-court action.
The juvenile court conducted a final hearing and received ore tenus evidence. On November 19, 1998, the court entered an order awarding permanent custody of the children to the father. On December 30, 1998, the mother appealed.
"Although neither party has raised any issue regarding the timeliness of the appeal, we note that jurisdictional issues are of such significance that an appellate court may take notice of them at any time, ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App. 1998). `The timely filing of a notice of appeal is a jurisdictional act.' Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985); see also Potter v. State, Dep't of Human Resources, 511 So.2d 190 (Ala. Civ.App.1986)."
Buffington v. Swindall, 726 So.2d 710 (Ala. Civ.App.1998).
We note that in its November 19, 1998, order granting custody of the children to the father, the trial court used language purporting to "consolidate" this action with the parties' divorce action and to "modify" the provisions of the parties' divorce judgment. However, that language had no effect.
The juvenile court has exclusive original jurisdiction in proceedings in which a child is alleged to be dependent and in proceedings to determine the custody of a child who is otherwise before the juvenile court. §§ 12-15-30(a) and (b)(1), Ala.Code 1975. See also Ex parte K.S.G., 645 So.2d 297, 299-300 (Ala.Civ.App.1992). On March 17, 1998, DHR had filed petitions stating that emergency circumstances existed that immediately threatened the welfare of the children. See Ex parte K.S.G., supra. The juvenile court conducted a 72-hour hearing pursuant to § 12-15-60, Ala.Code 1975, and, at that hearing, determined that the children were dependent. Therefore, the juvenile court had exclusive jurisdiction to determine the custody of the children. § 12-15-30(b)(1), Ala.Code 1975; Thompson v. Halliwell, 668 So.2d 43 (Ala. Civ.App.1995); Ex parte K.S.G., supra. The Rules of Juvenile Procedure were applicable to this action.
On November 19, 1998, the juvenile court entered its judgment awarding custody of the children to the father. A notice of appeal from a final judgment of a juvenile court must be filed within 14 days of the date of judgment. Rule 28, Ala. R. Juv. P. The mother filed her notice of appeal on December 30, 1998, beyond the 14-day period allowed by Rule 28(c), Ala. R. Juv. P. Therefore, the notice of appeal was not timely. An untimely appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P.
We note that even had the appeal been timely, we would hold that the evidence in the record supports the trial judge's decision in this matter.
The father's request for an attorney fee is denied.
DISMISSED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.