THOMAS, Judge.
M.P. (“the father”) and C.P. (“the mother”) are the married parents of A.D.P and A.N.P. The parents separated sometime in 2005. In 2006, the mother had the children with her in Tennessee; in October 2006 the father took the children from school and returned to Arkansas with them. The father later moved to Sylacau-ga, Alabama, with the children. The mother attempted to retrieve the children, and the father filed petitions for their custody in the Talladega Juvenile Court on November 7, 2007. In the petitions for custody, the father did not allege that the parties were married; regarding the children, the petitions alleged that the children’s custody was in dispute and that the father feared for the children’s safety if the children were in the mother’s custody because the mother “is unable to discharge her responsibilities as a parent, because of her faults and habits.”
The juvenile court awarded pendente lite custody of the children to the father, ordered home studies of the parties, and set the case for a trial. At some point, the juvenile court was informed that a divorce action between the parties was pending in the Talladega Circuit Court. The juvenile court stated on the record at least three times during the trial that it was inclined to dismiss the petitions because a circuit court should handle the custody dispute between the parties along with the parties’ divorce action. However, the juvenile court ultimately stated on the record that it would award the parties joint legal custody and award the mother physical custody through May 2008. The actual judgment states that the parties are married and that a divorce action is pending, denies the father’s custody petitions, and orders *318 that the mother retain physical custody subject to the father’s visitation.
The father filed his notice of appeal on March 4, 2008, before the juvenile court entered its written judgment; as provided by Rule 4(a)(4), Ala. R.App. P., the appeal was held in abeyance until the entry of the judgment on March 18, 2008. The father also filed a postjudgment motion after the entry of the judgment, which further required that the appeal be held in abeyance until that motion was decided, as provided by Rule 4(a)(5), Ala. R.App. P. The father argues on appeal that the juvenile court lacked jurisdiction to award custody of the children to the mother because the juvenile court made no finding of dependency regarding the children and because there was no evidence demonstrating dependency. The mother did not favor this court with a brief.
The juvenile court is a court of limited jurisdiction, having exclusive jurisdiction over actions based on allegations that a child is dependent, delinquent, or in need of supervision. Ala.Code 1975, § 12-15-30(a). The juvenile court has jurisdiction over a custody dispute involving a child only when that child is otherwise properly before the court. Ala.Code 1975, § 12 — 15—30(b)(1). “[W]hen a circuit court acquires jurisdiction over the issue of child custody pursuant to a divorce action, it thereafter retains jurisdiction over that issue to the exclusion of the juvenile court.” Ex parte K.S.G., 645 So.2d 297, 299 (Ala.Civ.App.1992). There are but two exceptions to the rule that the juvenile court cannot exercise jurisdiction over a child once the circuit court has acquired jurisdiction: “when there are emergency circumstances which threaten the immediate welfare of the child” or when a separate dependency action is instituted. Ex parte K.S.G., 645 So.2d at 299-300.
The juvenile court was informed that a divorce action between these two married parents was pending in the Talladega Circuit Court. Although it indicated on three separate occasions in the record that it was inclined to dismiss the father’s petitions because the custody issue would be more properly considered as a part of a divorce action, the juvenile court failed to dismiss the father’s petitions. Because these parties were married, because a divorce action was pending in the Talladega Circuit Court, and because none of the allegations in the petitions indicated that the children were in any present danger or that an emergency situation requiring the immediate intervention of the juvenile court existed, the juvenile court was without jurisdiction to enter a judgment in this case. K.R. v. D.H., 988 So.2d 1050, 1052-53 (Ala.Civ.App.2008); S.B.U. v. D.G.B., 913 So.2d 452, 455-56 (Ala.Civ.App.2005). Because the juvenile court lacked jurisdiction in the present case, its judgment is void. K.R., 988 So.2d at 1053; S.B.U., 913 So.2d at 456. A void judgment will not support an appeal; therefore, we dismiss the father’s appeal. K.R., 988 So.2d at 1053; S.B.U., 913 So.2d at 456.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.