MOORE, Judge.
L.B. (“the mother”) appeals from a judgment of the Montgomery Juvenile Court (“the juvenile court”) holding her in contempt of previous orders of the juvenile court and otherwise enforcing its previous judgment, which made awards of custody, visitation, and child support with regard to B.A.B. (“the child”) upon the filing of a dependency petition filed by R.L.B. (“the father”). Because we conclude that the juvenile court lacked subject-matter jurisdiction, we dismiss the mother’s appeal.

Facts and Procedural History

On January 18, 2007, the father, who lived in Louisiana, filed a petition in the juvenile court seeking custody of the child; the father’s petition was docketed as case no. JU-07-27.01. The father alleged that the child was dependent because, he said, “[cjustody, visitation, and child support need to be established” for the child. The father asserted that a paternity case had been initiated in Louisiana and that a child-support case had been initiated in Alabama. Specifically, he stated that he had signed an “Acknowledgment of Paternity” of the child in Louisiana in March 2006, that he had been allowed visitation with the child while the child had lived in Mobile, and that the mother had relocated to Montgomery with the child without notifying him of the move. The father requested that he be awarded physical custody of the child and child support and that the child’s last name be changed to the father’s last name.
On March 7, 2007, the mother filed an answer to the father’s petition and a counterclaim seeking sole legal and physical custody of the child and an award of child support. The mother alleged that the child was born on December 31, 2005, and that the mother and the father had never been married to each other. She stated that a petition for a determination of the child’s paternity and for child support was pending in the Montgomery Circuit Court and requested that that case be consolidated with the father’s action. The mother asserted that the father had admitted to the paternity of the child in the case pending in the Montgomery Circuit Court and that that court had entered an order making a finding of paternity. The mother asserted that she had provided care for the child and that the child had lived with her since the child was born. She further asserted that the father had failed to visit the child despite an order of a Louisiana District Court allowing the father to have visitation with the child. On July 13, 2007, the mother filed a petition for custody of the child, alleging that the child was dependent because the child’s custody was the subject of controversy; as evidence of the child’s dependency, however, the mother merely referred to her previously filed answer and counterclaim. The mother’s dependency petition was docketed as case no. JU-07-27.02.
*971 In May 2008, after ruling on visitation issues and other issues, the juvenile court noted on its case-action-summary sheet that it was “tak[ing] original jurisdiction over custody determination. Order to follow.” On July 17, 2008, the juvenile court entered a purported final judgment in which it, among other things, awarded the parties joint legal custody of the child and awarded the mother primary physical custody. The juvenile court further ordered visitation as mutually agreed upon by the parties or in accordance with a minimum visitation schedule, awarded child support to the mother of $168 per month, and ordered that a new birth certificate be issued for the child listing the father thereon and changing the child’s surname to the father’s last name. On July 22, 2008, the juvenile court entered a purported amended judgment, which merely changed the date the father’s child-support payments were to begin.
On July 28, 2008, the mother filed a motion for a new trial, asserting a number of arguments with regard to the juvenile court’s judgment. The juvenile court purported to deny that motion on August 12, 2008; however, the mother’s motion had been denied by operation of law on August 11, 2008. See Rule 1(B), Ala. R. Juv. P. Neither party appealed from that judgment.
On July 14, 2009, the mother filed a petition in the juvenile court alleging that the child was dependent because he had been abandoned by the father. That petition was assigned case no. JU-07-27.03. In that petition, the mother alleged that the father did not see the child while the child was in Louisiana and that only the paternal grandmother had exercised visitation with the child. She requested that the juvenile court evaluate the visitation schedule and that the court address the health-insurance needs of the child. The father filed an answer to the mother’s petition, denying the allegations therein. He also filed a counterclaim in which he requested primary physical custody of the child. Finally, the father filed a petition for an order of contempt in which he asserted, among other things, that the mother was refusing to permit the father to visit the child.
The juvenile court entered a purported judgment in case no. JU-07-27.03 on October 21, 2009, finding the mother in willful contempt of the prior orders of the court, awarding the father visitation with the child from October 6, 2009, until October 30, 2009, and requiring the parties, following that visitation period, to resume abiding by the provisions of the prior visitation order. The mother filed her notice of appeal to this court on November 4, 2009.

Discussion

“Although neither party has raised the issue of jurisdiction, ‘[mjatters of jurisdiction are of such importance that a court may consider them ex mero motu.’ ” Nelson v. Nelson, 10 So.3d 603, 605 (Ala.Civ.App.2008) (quoting Trousdale v. Tubbs, 929 So.2d 1020, 1022 (Ala.Civ.App.2005)). We note first that both the mother and the father asserted that the child’s paternity had been established, either by a Louisiana court or by the Montgomery Circuit Court, and that a case was pending in the Montgomery Circuit Court for child support. The record is devoid, however, of any other reference to either of those cases, other than the mother’s request to consolidate the present case with the case allegedly pending before the Montgomery Circuit Court. Although we are concerned that the juvenile court did not have jurisdiction because either the Louisiana court or the Montgomery Circuit Court retained jurisdiction of custody matters in this case, we decline to further address that concern because we dismiss *972 this appeal on the basis that the juvenile court lacked jurisdiction on other grounds.
Juvenile courts are purely creatures of statute that have extremely limited jurisdiction. See Ex parte K.L.P., 868 So.2d 454 (Ala.Civ.App.2003). At the time the father’s petition was filed, the operative statute, former § 12-15-30(a), Ala. Code 1975, provided that “[t]he juvenile court shall exercise exclusive original jurisdiction of proceedings in which a child is alleged to be ... dependent....” Former § 12 — 15—52(c)(1), Ala.Code 1975, required a petition alleging dependency to “set forth with specificity ... the facts constituting the dependency ... and that the child is in need of supervision, treatment, rehabilitation, care or the protection of the state.... ” In the present case, the father filed a petition alleging that the child was dependent; however, the only assertions made by the father purporting to evidence the child’s dependency were that “[cjusto-dy, visitation, and child support need[ed] to be established for the minor child.” The father made no assertions in his petition tending to show that the child was dependent according to the definition of a “dependent child” found in former § 12-15-1(10), Ala.Code 1975.
By failing to allege with specificity that the child was in need of supervision or to otherwise allege facts that, if proven, would establish the child’s dependency, the father, in turn, failed to properly invoke the jurisdiction of the juvenile court. The juvenile court proceeded, however, to hold status conferences on the motions made by the mother and the father and to enter various orders regarding visitation between the child and the father and to ultimately make a determination of custody, even asserting on the case-action-summary sheet at one point that the court “takes original jurisdiction over the custody determination.” We conclude that the juvenile court did not have the power to assume jurisdiction over the case or to make a custody determination.
Even assuming that the father’s dependency petition was sufficient to invoke the juvenile court’s jurisdiction, and we maintain that it was not, the juvenile court failed to address the allegation of dependency in any of its orders or judgments. There is no mention of dependency in the juvenile court’s final judgment entered on July 17, 2008, yet the juvenile court proceeded to make an adjudication of the child’s custody. In K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala.Civ.App.2010), this court stated:
“Once the dependency jurisdiction of a juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct an evidentiary hearing to determine the dependency of the child. Ex parte Linnell, 484 So.2d 455, 457 (Ala.Civ.App.1986) (‘[Pjursuant to § 12-15-65, [Ala.Code 1975,[3] ] a hearing on the merits of the petition itself is required to determine if the children are, in fact, dependent....’); see also Ex parte W.H., 941 So.2d 290, 299 (Ala.Civ.App.2006). If a juvenile court determines that the child is not dependent, the court must dismiss the dependency petition. Ala.Code 1975, former § 12-15-65(d). On the other hand, if, and only if, a juvenile court finds that the child is dependent, the court may then conduct proceedings to determine the custodial disposition of the child. Ala.Code 1975, former § 12-15-65. Ex parte K.S.G., 645 So.2d 297 (Ala.Civ.App.1992) (holding that juvenile court never assumed jurisdiction to determine issue of custody of child when evidence revealed that there was no emergency situation rendering the child dependent as al *973 leged in mother’s petition); Ex parte J.R.W., 630 So.2d 447 (Ala.Civ.App.1992) (holding that juvenile court that had never declared child dependent had no jurisdiction to enter order affecting visitation rights of father); J.W. v. W.D.J., 743 So.2d 467, 469 (Ala.Civ.App.1999) (holding that once juvenile court found children dependent, it had exclusive jurisdiction to determine their custody); Ex parte W.H., supra (holding that juvenile court erred in transferring custody of allegedly dependent child without holding evidentiary hearing to ascertain dependency of child); C.D.S. v. K.S.S., [963 So.2d 125 (Ala.Civ.App.2007) ] (holding that juvenile court that determined child was not dependent had no jurisdiction to thereafter determine custody of child); and E.H. v. N.L., 992 So.2d 740 (Ala.Civ.App.2008) (holding that, when evidence did not prove dependency of child as alleged in complaint, but revealed pure custody dispute, juvenile court was without jurisdiction to determine custody of child). As this court recently stated: “‘[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.” ’ V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result)).
In K.C.G., the juvenile court had announced that it did not intend to treat the case as a dependency action but that it intended to determine only the custody of the child; the juvenile court then entered a judgment in which it did not declare the child dependent, but merely awarded custody of the child to the child’s paternal grandmother based on the mother’s unfitness. 46 So.3d at 502. This court determined that “once the juvenile court recognized that the case did not involve a question of dependency, it lost jurisdiction over the remaining subject matter, i.e., the dispute over the custody of the child,” and we dismissed the appeal because it was taken from a void judgment. 46 So.3d at 504.
In the present case, the juvenile court likewise asserted its jurisdiction over the child’s custody. The record is devoid of any evidence tending to establish that the child was dependent, and the juvenile court failed to make any findings regarding the child’s dependency throughout the litigation. Moreover, as discussed above, we conclude that the father initially failed to properly allege dependency. Because both the mother and the father conceded that the father’s paternity of the child had been decided, whether by the court in Louisiana or by the Montgomery Circuit Court, the issue of the child’s custody was not “otherwise before the court” pursuant to former § 12-15-30(b)(l), Ala.Code 1975. As a result, the jurisdiction of the juvenile court was never invoked in case no. JU-07-27.01, and the juvenile court lacked the power to adjudicate the issues of custody, child support, and visitation.[1] See M.S. v. D.A.P., 1 So.3d 73, 74 (Ala.Civ.App.2008) *974 (Bryan, J., dissenting). Therefore, all judgments and orders entered by the juvenile court in case no. JU-07-27.01 are void.
Because the judgment entered in JU-07-27.01 is void, the juvenile court lacked jurisdiction to modify or enforce that judgment. Cf. McCarthy v. McCarthy, 785 So.2d 1138 (Ala.Civ.App.2000) (holding that circuit court that had no jurisdiction to modify Georgia custody determination could not enter valid contempt judgment against husband for violating void modification judgment)^ In its October 21, 2009, judgment, the juvenile court purported to find the mother in contempt of certain provisions of the July 2008 judgment, to temporarily alter the visitation provisions of that judgment, and to order the parties thereafter to follow the visitation provisions contained in that judgment. However, all of those findings and orders are themselves void for lack of subject-matter jurisdiction.[2] As such, the judgment will not support an appeal. J.D.R. v. M.M.E., 898 So.2d 788, 786 (Ala.Civ.App.2004). Accordingly, we dismiss the mother’s appeal and direct the juvenile court to set aside its July 17, 2008, judgment, and its amended judgment dated July 22, 2008, establishing custody, visitation, and child support, as well as its October 21, 2009, order finding the mother in contempt.[3]
APPEAL DISMISSED WITH INSTRUCTIONS TO THE JUVENILE COURT.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., concurs in the result, without writing.

"3 Effective January 1, 2009, Ala.Code 1975, § 12-15-65, was amended and renumbered as Ala.Code 1975, § 12-15-129. See Act No. 2008-277, § 7, Ala. Acts 2008.”

. Although the juvenile court's final judgment entered on July 17, 2008, did not refer to case no. JU-07-27.02, we note that the mother’s alleged dependency petition in that case likewise did not invoke the juvenile court’s jurisdiction and that each of the judgments and orders entered under that case number were also entered by the juvenile court without subject-matter jurisdiction.

. We note that the mother invoked the dependency jurisdiction of the juvenile court when she filed her 2009 petition, which was assigned case no. JU-07-27.03. That petition alleged that the child had become dependent due to the abandonment of the child by the father. However, the juvenile court impliedly found that the father had not abandoned the child, thereby denying the dependency petition. At that point, the juvenile court was without jurisdiction to perform any judicial act other than dismissing the petition. See § 12-15-310(b), Ala.Code 1975 ("If the juvenile court finds that the allegations in the petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition.”). However, the juvenile court purported to treat the mother’s petition as a petition for modification of the July 2008 judgment, which it could not do.

. Because we have determined that the juvenile court lacked jurisdiction in this case, the mother's argument, citing T.L.H. v. R.A.R., 977 So.2d 482 (Ala.Civ.App.2007), that the juvenile court lacked jurisdiction to order a change of the child's last name to that of the father is moot.