BOLIN, Justice.
A.G. and K.G. (“the paternal grandparents”) appeal from a judgment of the Cull-man Juvenile Court (“the juvenile court”) denying their petition alleging dependency as to A.L.G. (“the child”) without holding an evidentiary hearing. We reverse and remand.[1]

Facts and Procedural History

The child was born in 2009. That same year, N.G. (“the father”) and Ka.G. (“the mother”) filed for divorce. According to the paternal grandparents, the child lived with them from June 2010 to July 2011 following an earlier proceeding. The child was returned to the parents in July 2011, pending a custody determination in the divorce proceeding. The father was awarded temporary custody in February 2012, with the mother having visitation privileges. In June 2012, the mother was awarded temporary custody of the child after the father failed a drug test. The hearing on the divorce was scheduled for September 6, 2012.
On June 25, 2012, the paternal grandparents filed a petition with the juvenile court, alleging that the child was in “need of supervision, treatment, rehabilitation, care or the protection of the State.” The dependency petition was verified in the presence of the juvenile-court intake offi *25 cer. The paternal grandparents attached to the petition a report from a physician indicating an irregularity to the child’s genitalia and also indicating “inappropriate sexual contact” consistent with child abuse. The paternal grandparents also attached a letter from a licensed counselor who had interviewed the child. In that letter, the counselor stated that the child had told her that on a visit to the mother’s house (which occurred in March 2012), a man spending the night with her mother “had touched [the child] in [the] front area and pinched [the child] on the butt.”
On June 25, 2012, the juvenile court, without holding a hearing, entered an order, denying the dependency petition on the basis that there was a pending divorce proceeding in the circuit court:
“The Court having been made aware of the pending DR 2009-504.01 matter [the divorce] between the parents. Further, that the Hon. Don Hardeman has entered a Temporary Order on June 22, 2012 that awarded temporary custody to the mother after a report from the [guardian ad litem] and licensed psychologist, this Court does not find an allegation of dependency that could support the maintenance of this action in the Juvenile Court. This matter shall be taken up in the Circuit Court on September 6, 2012 for a trial on the merits.”
Later that day, on June 25, 2012, an attorney who had been retained for the child filed a motion in the juvenile court seeking an emergency hearing for immediate removal of the child from the mother’s residence. The child’s attorney stated that, after a visitation with the mother, the child had disclosed to a babysitter, the counselor, the father, and the Child Advocacy Center that the mother’s friend “Jesse” had bitten the child’s “private area.” The child’s attorney alleged that placing the child in the mother’s custody would be putting the child back in the home where the abuse had occurred. The child’s attorney further alleged that the Department of Human Resources was conducting an investigation of the sexual-abuse allegations.
Still later on June 25, 2012, the juvenile-court judge entered an order recusing himself from the case. On June 26, 2012, the other juvenile-court judge in Cullman County also entered an order of recusal.
On the basis of local rule in Cullman County, Judge Don Hardeman, the presiding judge in the circuit court, was assigned the juvenile case when the juvenile-court judges recused themselves. On June 26, 2012, Judge Hardeman, sitting as a juvenile-court judge, entered an order stating: “A review of the file indicating that there is no underlying case pending, the Emergency Motion for Immediate Removal of the Minor Child from Current Placement is therefore denied for lack of jurisdiction.”
On June 27, 2012, the child’s attorney filed a motion to reconsider, arguing that the juvenile court has exclusive jurisdiction of proceedings in which a child is alleged to be dependent and that it was a physician’s impression that the child’s injuries were consistent with child abuse that allegedly occurred at the mother’s house.
On July 2, 2012, Judge Hardeman, sitting as a juvenile-court judge, entered an order denying the motion to reconsider on the grounds that there was no dependency petition pending, that no filing fee had been paid on the child’s attorney’s motion, and that, without payment of the appropriate filing fee, the juvenile court was without jurisdiction to consider the motion.
That same day, the paternal grandparents filed a motion to reconsider, which was subsequently denied by operation of law. On July 9, 2012, the paternal grandparents filed an appeal. While the appeal *26 was pending, Judge Hardeman entered an order recusing himself from the case.

Discussion

The paternal grandparents argue that the juvenile court erred in denying their petition for dependency without conducting an evidentiary hearing.[2]
Subject to two exceptions, when a circuit court acquires jurisdiction regarding an issue of child custody pursuant to a divorce action, it retains jurisdiction over that issue to the exclusion of the juvenile court. C.D.S. v. K.S.S., 963 So.2d 125, 129 (Ala.Civ.App.2007); Ex parte K.S.G., 645 So.2d 297, 299 (Ala.Civ.App.1992). Those two exceptions are: 1) when emergency circumstances exist that threaten the immediate welfare of the child; and 2) when a separate dependency action is instituted. M.P. v. C.P., 8 So.3d 316 (Ala.Civ.App.2008). The second exception is clearly applicable here.
The juvenile court is a court of limited jurisdiction, exercising exclusive original jurisdiction in proceedings in which a child is alleged to be dependent or in need of supervision. § 12-15-114(a), Ala.Code 1975. Once the dependency jurisdiction of the juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct a hearing to determine the dependency of the child. T.K. v. M.G., 82 So.3d 1 (Ala.Civ.App.2011); L.B. v. R.L.B., 53 So.3d 969 (Ala.Civ.App.2010). Pursuant to § 12-15-129, Ala.Code 1975, a hearing on the merits of the petition is required to determine if the child is, in fact, dependent. L.B. v. R.L.B., 53 So.3d at 973.
“The [Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975,] specifically provides that the dependency jurisdiction of the juvenile court is triggered by the filing of a petition with a juvenile-court intake officer alleging facts sufficient to prove the dependency of the child. See §§ 12-15-114(a) and 12-15-120(a).” Montgomery Cnty. Dep’t of Human Res. v. McDermott, 74 So.3d 455, 458 (Ala.Civ.App.2011). “A child is dependent if, at the time a petition is filed in the juvenile court alleging dependency, the child meets the statutory definition of a dependent child.” Ex parte L.E.O., 61 So.3d 1042, 1046 (Ala.2010). Section 12-15-102(8)1, Ala.Code 1975, defines a dependent child as, among other things, one whose parent allows the child to be subjected to abuse. If the allegations in the dependency petition are denied by the parent or if the parent fails to respond, the juvenile court shall hear evidence on the petition, and, if the court finds that the allegations in the petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition. § 12 — 15—310(b), Ala. Code 1975.
In the present case, the dependency petition filed by the paternal grandparents contained specific allegations that, if proven to be true, could show that the child was dependent. Specifically, the petition alleged that the child had been sexually abused while the child was visiting at the mother’s house. Their petition was filed with the juvenile-court intake officer. The juvenile court erred in entering an order on June 25, 2012, concluding that the petition did not contain allegations sufficient to support a dependency action. The dependency petition clearly invoked the jurisdiction of the juvenile court. “Because the juvenile court properly has jurisdiction over the dependency petitions, those petitions can only be involuntarily dismissed *27 upon the determination, after a hearing, that the children are not dependent. See Ala.Code 1975, § 12-15-310(b).” P.S.R. v. C.L.P., 67 So.3d 917, 922 (Ala.Civ.App.2011). Therefore, a hearing on the merits of the paternal grandparents’ petition is required to determine if the child is dependent. The fact that a divorce proceeding, at which custody will be determined, is pending and that a trial date for that proceeding has been set does not confer jurisdiction on the circuit court to determine allegations of dependency because the juvenile court exercises exclusive original jurisdiction over proceedings in which a child is alleged to be dependent. Accordingly, we reverse the judgment of the juvenile court and remand the case for the juvenile court to vacate its judgment denying the dependency petition, to reinstate the paternal grandparents’ dependency petition, and to conduct an evidentiary hearing on the petition.
REVERSED AND REMANDED.
MALONE, C.J., and WOODALL, MURDOCK, and MAIN, JJ., concur.

. The paternal grandparents appealed to the Court of Civil Appeals, which requested a transfer of the appeal to this Court pursuant to § 12-3-15, Ala.Code 1975, because a member of that court was related to a party involved in the case.

. Neither the mother nor the father favored this Court with a brief, and the record before us is limited.