DONALDSON, Judge.
Amy Miller Winford (“the mother”) appeals from a default judgment entered against her by the Jefferson Circuit Court (“the trial court”) in an action initiated by John Alexander Winford (“the father”) seeking to modify custody of the parties’ minor children (“the children”), and the trial court’s subsequent denial of the mother’s motion to alter, amend, or vacate that judgment, which awarded sole custody to the father and visitation to the mother.

Facts and Procedural History

The father and the mother were married on June 17, 2000. The marriage produced two children who are the subject of these proceedings. The father and the mother were divorced by a judgment entered by the trial court on May 25, 2004, the terms of which granted custody of the children to the mother and visitation to the father.
On November 1, 2011, the mother’s parents filed petitions in the Jefferson Juvenile Court (“the juvenile court”) alleging that the children were dependent and seeking custody of the children. The record in this case does not contain the petitions filed by the maternal grandparents.
On January 26, 2012, the father filed a petition for modification of custody in the trial court alleging a material change of circumstances. He alleged that the mother had abdicated her parenting responsibilities to the maternal grandparents and had “failed to provide proper medical care, financial resources and emotional support for the stated children.” In his petition, the father alleged:
“5. That on or about the day of November [1], 2011, the Mother’s parents filed two Verified Petitions for Dependency and Custody and Ex Parte Motion for Temporary Custody for both minor children in the Family Court of Jefferson County, case numbers JU-11 52645 and JU-11-52175.
6. That the case filed by the grandparents is in the nature of a custody case and as such the Family Court of Jefferson County does not have jurisdiction over said claim. The stated children have a parent who is able and willing to care for them, namely the Father. The Father has not neglected, abused, failed to protect, abandoned nor relinquished custody of said children. Due to the lack of jurisdiction, any orders entered by the Family Court of Jefferson County are void.”
There is no indication in the record that the father attempted to have the dependency cases dismissed in the juvenile court or otherwise challenged the allegations of dependency in that court. On February 1, 2012, the mother was personally served with the father’s petition to modify custody. On March 20, 2012, the father filed an application with the clerk of the trial court for an entry of default against the mother because the mother had not responded to his petition. On March 21, 2012, the mother filed a pro se answer to the petition, which included a general denial of the matters alleged in the petition to modify *181 custody. On March 27, 2012, the trial court issued order setting a default hearing for May 7, 2012. The trial court subsequently issued orders moving the hearing date to May 21, 2012. Notice of the hearing was sent by mail to the same address where the mother received notice of all other filings and hearing dates, and the mother admits as much. On May 4, 2012, the father filed a motion to compel the mother to answer discovery that had been propounded. The motion noted that the “matter is currently set for a hearing on May 21, 2012.” On May 14, 2012, the trial court granted the father’s motion to compel and ordered the mother to respond by May 25, 2012. On May 21, 2012, the trial court held an ore tenus default hearing but the mother failed to appear for that hearing. On May 30, 2012, the trial court entered a judgment granting sole custody to the father, which contained a number of “standard” visitation conditions, including a restriction against either parent allowing an adult of the opposite sex with whom the parent has a “romantic and/or sexual relationship” to stay overnight at the parent’s home while the children are present. The May 30 order stated that the May 21 hearing had been conducted as a “Default Hearing” and that the mother, “being properly served on or about the 7th day of February, 2012 by private process server[] has failed to appear before the Court.”
On June 28, 2012, less than 30 days after the entry of the judgment, the mother, represented by counsel, filed a motion to alter, amend, or vacate. The mother contended, among other things, that she did not receive notice of the May 21 hearing in sufficient time to attend the hearing, that she could not be deprived of custody of the children without adequate notice and an opportunity to be heard, and that the restrictions on her ability to live with her boyfriend while visiting with the children were not appropriate. The trial court set the mother’s motion for a hearing date of August 28, 2012. On July 11, 2012, the father filed a response to the mother’s motion to alter, amend, or vacate, asserting, among other things, that the mother had been sent notices of the hearing and had failed to attend. On August 27, 2012, the mother filed an amended motion to alter, amend, or vacate, alleging that the trial court lacked subject-matter jurisdiction over the matter and had failed to apply the factors announced in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988). The mother’s motion to alter, amend, or vacate was denied by operation of law on September 26, 2012, and the mother timely appealed the trial court’s judgment.
On appeal, the mother argues that the trial court lacked jurisdiction to modify custody of the children because of the pending dependency actions; that the trial court erred in entering a default judgment after the mother answered the petition; that the trial court erred in refusing to set aside the default judgment; and that the trial court erred in ordering restrictions on overnight guests during visitation.

Discussion

As a threshold matter, we first address the mother’s allegation that the trial court lacked jurisdiction to enter a judgment on the father’s petition to modify custody of the children while dependency petitions were pending in juvenile court on related facts. A trial court’s “determination as to jurisdiction is strictly a legal matter. Therefore, we apply a de novo standard of review. See Ex parte Morris, 999 So.2d 932, 936 (Ala.2008).” J.L.L. v. Jefferson Cnty. Dep’t of Human Res., 127 So.3d 433, 434 (Ala.Civ.App.2012).
There is no indication in the record that the juvenile court conducted a hearing to *182 determine whether the children were dependent. The record shows, however, that the juvenile court entered what it termed to be a “Temporary Order” in the depending actions on June 12, 2012. That order, again without any indication that the children had been found to be dependent, purportedly granted “joint legal custody” of the children to both the father and the mother, with the father having primary physical custody. The mother was provided specified visitation rights. The juvenile court “reserved” the issue of child support and ordered the father to provide health insurance for the children. The order shows it was entered “over [the mother’s] objection.”
The record thus shows that at the time the father filed his petition in the trial court in January 2012, there was a pending dependency case in the juvenile court regarding the children. “A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents.” § 12-15-114(a), Ala.Code 1975. In A.G. v. Ka.G., 114 So.3d 24, 26 (Ala.2012), a case involving similar procedural issues of concurrent jurisdiction in child-custody proceedings, our supreme court held:
“Subject to two exceptions, when a circuit court acquires jurisdiction regarding an issue of child custody pursuant to a divorce action, it retains jurisdiction over that issue to the exclusion of the juvenile court. C.D.S. v. K.S.S., 963 So.2d 125, 129 (Ala.Civ.App.2007); Ex parte K.S.G., 645 So.2d 297, 299 (Ala.Civ.App.1992). Those two exceptions are: 1) when emergency circumstances exist that threaten the immediate welfare of the child; and 2) when a separate dependency action is instituted. M.P. v. C.P., 8 So.3d 316 (Ala.Civ.App.2008). The second exception is clearly applicable here.
“The juvenile court is a court of limited jurisdiction, exercising exclusive original jurisdiction in proceedings in which a child is alleged to be dependent or in need of supervision. § 12-15-114(a), Ala. Code 1975. Once the dependency jurisdiction of the juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct a hearing to determine the dependency of the child. T.K. v. M.G., 82 So.3d 1 (Ala.Civ.App.2011); L.B. v. R.L.B., 53 So.3d 969 (Ala.Civ.App.2010). Pursuant to § 12-15-129, Ala.Code 1975, a hearing on the merits of the petition is required to determine if the child is, in fact, dependent. L.B. v. R.L.B., 53 So.3d at 973.
“ ‘The [Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975,] specifically provides that the dependency jurisdiction of the juvenile court is triggered by the filing of a petition with a juvenile-court intake officer alleging facts sufficient to prove the dependency of the child. See §§ 12-15-114(a) and 12-15-120(a).’ Montgomery Cnty. Dep’t of Human Res. v. McDermott, 74 So.3d 455, 458 (Ala.Civ.App.2011). ‘A child is dependent if, at the time a petition is filed in the juvenile court alleging dependency, the child meets the statutory definition of a dependent child.’ Ex parte L.E.O., 61 So.3d 1042, 1046 (Ala. 2010).... If the allegations in the dependency petition are denied by the parent or if the parent fails to respond, the juvenile court shall hear evidence on the petition, and, if the court finds that the allegations in the petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition. § 12 — 15—310(b), Ala.Code 1975.”
*183 In C.D.S. v. K.S.S., 963 So.2d 125 (Ala.Civ.App.2007), this court held that the filing of dependency petitions with the juvenile court while the circuit court retains continuing jurisdiction over child custody arising from a divorce judgement confers “upon the juvenile court exclusive original subject-matter jurisdiction over the dependency proceedings initiated by those petitions but also confer[s] upon the juvenile court subject-matter jurisdiction over custody issues that is concurrent with the continuing subject-matter jurisdiction over custody issues conferred upon the circuit court by the parties’ divorce action.” C.D.S., 963 So.2d at 129-30.
In the present case, the dependency petitions were pending in the juvenile court at the time the father filed the custody-modification petition in the trial court. It is apparent that the dependency petitions sufficiently invoked the juvenile court’s dependency jurisdiction because the petitions have not been dismissed and the juvenile court entered a “temporary order” after the judgment that forms the basis of this appeal was entered by the trial court. From the record, then, it appears that the juvenile court had original and exclusive jurisdiction over the dependency petitions but shared concurrent jurisdiction over child custody with the trial court, which had continuing subject-matter jurisdiction of the child-custody dispute between the parents based on its resolution of custody issues in the parents’ divorce judgment. Therefore, in the absence of a conflicting judgment from the juvenile court entered on the basis of a dependency finding, the trial court was not deprived of its continuing jurisdiction to enter orders pertaining to the custody dispute between the parents.
Next, we address the mother’s allegation that the trial court erred in holding a default hearing and entering a judgment when the mother had filed an answer to the father’s custody-modification petition before that hearing. In TA Financial, Inc. v. Discover Bank, 967 So.2d 90 (Ala.2007), the supreme court reversed a default judgment entered by the trial court when the defendant had filed its answer before the hearing on the plaintiffs motion for a default judgment, holding that “ ‘the filing of that answer cured the default before any default judgment was entered. Thus, the default judgment should not have been entered.’ ” Id. at 91. There is no dispute in this case that the mother filed her answer prior to the default hearing. Further,
“[t]he courts of Alabama have often held:
“ ‘In dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law, include due notice, a hearing or opportunity to be heard before a court of competent jurisdiction. Tillman v. Walters, 214 Ala. 71, 108 So. 62 [1925].’
“Danford v. Dupree, 272 Ala. 517, 132 So.2d 734 (1961). Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977). The parental right to due process far outweighs any burden that would be placed on the proceeding to determine that right. Thorne v. Thorne, supra.”
Lamoreaux v. Schadt, 442 So.2d 117, 118 (Ala.Civ.App.1983).
Therefore, we reverse the default judgment of the trial court and remand this matter for further proceedings. Because we reverse the judgment of the trial court, we pretermit further discussion of the rulings contained therein.
*184 The mother’s request for attorney’s fees is denied.
REVERSED AND REMANDED.
THOMPSON, P.J., concurs.
THOMAS, J., concurs specially.
MOORE, J., concurs in the result, without writing.
PITTMAN, J., recuses himself.