THOMPSON, Presiding Judge,
dissenting.
M.G.D. (“the mother”) and the children’s father were divorced by a July 3, 2009, judgment of the Shelby Circuit Court (“the circuit court”), and the circuit court awarded the • father custody of the children. Thus, by virtue of the custody award in the divorce judgment, the circuit court maintained continuing jurisdiction over the issues of custody and visitation of the children. See Ex parte K.S.G., 645 So.2d 297, 299 (Ala.Civ.App.1992) (“[W]hen a circuit court acquires jurisdiction over the issue of child custody pursuant to a divorce action, it thereafter retains jurisdiction over that issue to the exclusion of the juvenile court.”). An exception to the circuit court’s maintaining exclusive jurisdiction over children subject to its custody determination is when the children are alleged to be dependent in an action filed in a juvenile court. Id.
After the death of the father, the children’s paternal grandparents filed a dependency petition in the Shelby Juvenile Court (“the juvenile court”), alleging that the children were dependent because, they said, the mother could not' provide adequate care of the children. It is undisputed that the paternal grandparents later asserted a claim for grandparent visitation. A juvenile court has jurisdiction to consider a claim for grandparent visitation “when filed as part of a juvenile court case involving the same child.” § 12-15-115(a)(10), Ala.Code 1975. However, in its November 24, 2014, judgment, the juvenile court determined that the children were not dependent. After the juvenile court made that determination, it had no basis upon which to take any further action with regard to the children, and the action was due to be dismissed. “Once the juvenile court decided that the case would not be decided on dependency principles, the juvenile court had no jurisdictional basis for determining custody of the child.” T.B. v. T.H., 30 So.3d 429, 432 (Ala.Civ.App.2009). See also C.C. v. B.L., 142 So.3d 1126, 1129 (Ala.Civ.App.2013) (“Because the juvenile court determined that the child was not dependent, it correctly determined that it lacked jurisdiction to enter a judgment affecting custody and visitation matters regarding the child.”); and K.C.G. v. S.J.R., 46 So.3d 499, 504 (Ala.Civ.App.2010) (“[OJnce the juvenile, court recognized that the case did not involve a question of dependency, it lost jurisdiction over the remaining subject matter, i.e., the dispute over the custody of the child.”).
To the extent that K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993), and the cases that rely on it hold that a juvenile court has jurisdiction over a grandparent-visitation claim when the juvenile court would not otherwise be able to exercise jurisdiction over the children, I believe those cases were incorrectly decided. I conclude that the phrase “as part of a juvenile court case involving the same child” in § 12-15-115(a)(10) refers to situations such as when a child’s parents are unmarried and his or her custody or paternity is at issue or when a child is actually found to be dependent by the juvenile court; in other words, it refers to situations in which a juvenile court may properly exercise jurisdiction over a child. I do not agree with K.R.D. and other similar precedent, or with the main opin *861 ion, that the juvenile court could maintain jurisdiction under § 12-15-115(a)(10) merely because the paternal grandparents had alleged dependency as a part of their request for visitation. The dependency allegation was sufficient to invoke the jurisdiction of the juvenile court, but that dependency allegation did not provide a basis that would allow the juvenile court to make a visitation determination after it was determined that the children were not dependent. The holding of the main opinion allows the paternal grandparents to bypass the circuit court, which has continuing jurisdiction over the children in this case, and possibly the more stringent custody standards applicable to proceedings in that court.
At the time this action was initiated, § 30-3-4.1, Ala.Code 1975, provided a method by which grandparents could seek visitation with their grandchildren under certain situations.[4] I agree that, at that time, a claim under § 30-3-4.1 could be initiated in the juvenile court in some circumstances. However, I conclude that, in this case, the juvenile court could exercise jurisdiction over the grandparent-visitation claim only if it could otherwise properly exercise jurisdiction over the children at the time it entered its judgment. Because I conclude that the juvenile court lacked jurisdiction to enter its judgment, I would dismiss the appeal. For that reason, I pretermit any discussion of whether the holding of Weldon v. Ballow, 200 So.3d 654 (Ala.Civ.App.2015), should apply to govern the claim in this case.

. That statute was recently declared unconstitutional by this court in Weldon v. Ballow, 200 So.3d 654 (Ala.Civ.App.2015). A petition for a writ of certiorari was filed in the Alabama Supreme Court on November 13, 2015, but, as of the date of this writing, our supreme court has not yet decided whether to grant that petition.