PER CURIAM.
T.M. (“the mother”) petitions this court for a writ of mandamus directing the Limestone Juvenile Court (“the juvenile court”) to vacate its orders awarding custody of G.T., R.T., A.T., and J.T. (“the children”) to J.L. (“the father”). We deny the petition.

Procedural History

The mother and the father are married, but they are living apart. The father has filed an action for a divorce (“the divorce action”) against the mother that is pending in the Limestone Circuit Court. An affidavit executed by a representative of the Limestone County Department of Human Resources (“DHR”) indicates that, on January 22, 2016, DHR instituted a safety plan pursuant to which the children were removed from the home of the mother and placed in the care of various relatives. However, by April 25, 2016, those relatives had informed DHR that they could no longer care for the children. Therefore, DHR filed separate petitions in the juvenile court alleging that the children were dependent. The same day the petitions were filed, the juvenile court entered separate ex parte orders directing DHR to immediately take custody of the children. Those orders specified that the juvenile court would conduct “a seventy-two (72) hour hearing.”
After the scheduled hearing, the juvenile court, on May 10, 2016, entered separate, but substantially identical, orders, stating, in pertinent part:
“The Court ... discussed with the parties the jurisdictional issues with this case as there is a pending divorce action between the parties in the Limestone County Circuit Court. The Court informed the parties that the juvenile court has emergency jurisdiction over the [children] due to the summary removal of the child[ren] by [DHR], and that this court is authorized to enter a temporary emergency order under the dependency statute. The Court also informed the parties that the juvenile court does not serve as the court to determine final custody of the minor children], and that those issues will be addressed by the circuit court.
“Sworn testimony was presented.... Upon consideration of the testimony presented, it is, therefore,
*852 “ORDERED, ADJUDGED and DECREED BY THE COURT that temporary legal and physical custody of [the children] is. hereby vested in [the father].
“It is FURTHER ORDERED, ADJUDGED and DECREED that visitation between the mother and the minor child[ren] shall be arranged through the Individualized Service Plan (ISP) for the family, and that said visitation shall be supervised unless the ISP team agrees otherwise.
“ít- is FURTHER ORDERED BY THE COURT that the dependency hearing in this case shall be conducted on the 21st day of June, 2016, at 9:00 a.m.”
(Capitalization in original.)
! The mother filed her petition for a writ of mandamus with this court on May 16, 2016. In her petition, the mother argues that the juvenile court lacked jurisdiction to ■ award custody of the children to the father and that the juvenile court did not use the correct legal standard in making its custody determination.

Standard of Review

The juvenile court awarded the father -custody of the children, subject to further proceedings, without adjudicating their .dependency. This court reviews such interlocutory orders by way of a petition for a writ of mandamus. See T.C. v. Mac.M., 96 So.3d 115 (Ala.Civ.App.2011), aff'd, Ex parte T.C., 96 So.3d 123 (Ala.2012).
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995); see also Ex parte State Dep’t of Human Res., 47 So.3d 823, 829 (Ala.Civ.App.2010).

Discussion

“Subject to two exceptions, when a circuit court acquires jurisdiction regarding an issue of child custody pursuant to a divorce action, it retains jurisdiction over that issue to the exclusion of the juvenile court.. C.D.S. v. K.S.S., 963 So.2d 125, 129 (Ala.Civ.App.2007); Ex parte K.S.G., 645 So.2d 297, 299 (Ala.Civ.App.1992). Those two exceptions are: 1) when emergency circumstances exist that threaten the immediate welfare of the child; and 2) when a separate dependency action is instituted. M.P. v. C.P., 8 So.3d 316 (Ala.Civ.App.2008).”
AG. v. Ka.G., 114 So.3d 24, 26 (Ala.2012), In this case, while the divorce action was pending, DHR filed separate dependency petitions regarding the children and the juvenile court determined that emergency circumstances existed requiring it to provide for the immediate custody of the children. Thus, both exceptions apply, and the juvenile court, having exclusive jurisdiction over dependency actions, see Ala. Code 1975, § 12-15-114(a), and the am thority to issue emergency custody orders, see Ala.Code 1975, § 12-15-138, could award the father “temporary” custody of the children despite the pending divorce action.
The mother asserts that the juvenile court merely awarded the father pendente lite custody “in an identical way” as a domestic-relations court could based on the best interests of the children. However, the mother does not cite any materials to support that assertion. In its orders, the juvenile court does not expressly state the legal standard it employed, but it did *853 indicate that it was relying on its authority to enter a “temporary emergency order under the dependency statute.” Section 12-16-138, Ala.Code 1976, provides that a juvenile court, “at any time after a dependency petition has been filed, or on an emergency basis, may enter an order of protection or restraint to protect the health or safety of a child subject to the proceeding.” Thus, by implication, the juvenile court determined that it was placing the children with the father in order to protect their health and safety due to emergency circumstances. Because the materials before this court do not support the premise of the mother’s argument, we do not decide whether the juvenile court would have erred in awarding custody to the father based on the best interests of the children.
The mother has not shown a clear legal right to the relief she is requesting; therefore, her petition is denied.
PETITION DENIED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.