THOMPSON, Presiding Judge.
In November 2012, the Tuscaloosa County Department of Human Resources (“DHR”) filed petitions in the Tuscaloosa Juvenile Court (“the juvenile court”) seeking to have J.M.H., I.H., and A.H. (hereinafter collectively referred to as “the children”) declared dependent and seeking an award of custody of the children.
The record indicates that B.H. (“the mother”) and M.H. (“the father”) adopted the children in 2001. In 2008, the mother and the father were divorced by a judgment of the Tuscaloosa Circuit Court (“the circuit court”). Pursuant to the 2008 divorce judgment, the father was awarded sole custody of the children. The divorce judgment provided that the mother had no child-support obligation because the mother and the father intended to file a joint action seeking to terminate the mother’s parental rights to the children. It is undisputed that, before the initiation of DHR’s dependency actions pertaining to the children, neither the mother nor the father had initiated an action seeking to terminate the mother’s parental rights to the children, and, therefore, the mother’s parental rights to the children had not been terminated at the time DHR became involved with the children.
In March 2013, in three separate decisions, the juvenile-court referee, based on the stipulation of the parties, determined the children to be dependent and awarded custody of them to DHR. In those decisions, the juvenile-court referee also scheduled a hearing before the referee for the determination of the mother’s and the *1217 father’s respective child-support obligations for the children. See § 12-15-314(e), Ala.Code 1975 (“When a child is placed in the legal custody of the Department of Human Resources ... pursuant to this section and when the parent, legal guardian, or legal custodian of the child has resources for child support, the juvenile court shall order child support in conformity with the child support guidelines as set out in Rule 82, Alabama Rules of Judicial Administration.”). The juvenile court ratified those decisions of the referee on March 19, 2013. See Rule 2.1(G), Ala. R. Juv. P. (“The findings and recommendations of the referee shall become the order of the court when ratified by the original signature of a judge with authority over juvenile matters.”); and § 12-15-106(g), Ala.Code 1975 (same).
On May 16, 2013, the juvenile-court referee rendered decisions in which he reaffirmed the findings in the March 2013 decisions that had been ratified by the juvenile court and ordered the mother and the father to pay certain amounts in child support. Those decisions also ordered that the mother and the father pay child-support arrearages for April 2013 and May 2013. The juvenile court ratified those decisions of the referee on May 23, 2013.
The mother filed requests for a rehearing before the juvenile court pursuant to Rule 2.1, Ala. R. Juv. P., and § 12-15-106(f), Ala.Code 1975. The juvenile court conducted a hearing at which it received the arguments of the parties. On June 14, 2013, the juvenile court entered judgments in which it again reaffirmed the referee’s May 16, 2013, child-support decisions. The mother timely appealed each judgment; [1] we consolidated the mother’s appeals for the purpose of issuing one opinion.
On appeal, the mother argues only that the juvenile court was without jurisdiction to enter its child-support awards. The mother contends that the juvenile court’s June 14, 2013, judgments constituted invalid modifications of the circuit court’s 2008 divorce judgment in which the circuit court had waived the requirement that the mother pay child support to the father. In support of her argument, the mother cites Ex parte M.D.C., 39 So.3d 1117 (Ala.2009). In that case, the parties were divorced pursuant to a 2003 judgment of the DeKalb Circuit Court. In 2005, a juvenile court granted the petition of M.D.C., the mother in that case, seeking to terminate the parental rights of K.D., the father in that case, to the parties’ two children. The DeKalb Circuit Court later denied a claim asserted by M.D.C. seeking to enforce KD.’s child-support obligation for the children, and this court affirmed. M.D.C. v. K.D., 39 So.3d 1105 (Ala.Civ.App.2008). Our supreme court granted M.D.C.’s petition for a writ of certiorari, reversing this court’s judgment and holding that under the former Alabama Child Protection Act, former § 26-18-1 et seq., Ala.Code 1975, a parent’s obligation to support his or her child is not extinguished when his or her parental rights are terminated. In reaching its holding, the supreme court, quoting from Judge Moore’s dissent in M.D.C. v. K.D., supra, stated, in relevant part:
“ ‘[In M.D.C. v. K.D., t]he majority’s reading of [former] § 26-18-7[, Ala. Code 1975,] also violates established law that once a circuit court enters a child-support order in a divorce proceeding, the circuit court retains exclusive jurisdiction to modify that order, which precludes a juvenile court from adjudicating child-support issues in a termination-of-parental-rights action. See A.S. v. *1218 W.T.J., 984 So.2d 1196, 1202 (Ala.Civ.App.2007). In this case, the trial court entered a child-support order as part of a divorce judgment in February 2003, requiring the father to pay $540 per month for the benefit of his children. If the majority [in M.D.C. v. K.D.] is correct, the juvenile court terminated that child-support obligation in October 2005, although it lacked jurisdiction to do so. Rather than bestow upon juvenile courts jurisdiction that this court has heretofore not recognized, we should hold that the trial court had exclusive continuing jurisdiction over its own child-support order and that the judgment terminating parental rights could not have possibly affected the father’s obligation as established in that order.’ ”
Ex parte M.D.C., 39 So.3d at 1124-25 (quoting M.D.C. v. K.D., 39 So.3d at 1113 (Moore, J., dissenting)).
The mother relies on the quote above to contend that the juvenile court was without jurisdiction to enter the child-support orders in the underlying dependency actions. The mother, relying on Ex parte M.D.C., asserts that the circuit court retained the exclusive jurisdiction to modify the child-support provision of the divorce judgment. Indeed, subject to certain exceptions, once a circuit court has jurisdiction to determine child custody, and, therefore, issues such as child support and visitation that are intertwined with the issue of custody, the circuit court retains jurisdiction as to custody and related issues until the child reaches the age of majority. Scott v. Stevens, 636 So.2d 444, 446-47 (Ala.Civ.App.1994). The mother contends in her reply brief that no party is disputing that the children are dependent or challenging the award of custody of the children to DHR. She appears to argue that under the facts of this case, i.e., when children of divorced parents are determined to be dependent and custody of them is transferred to a third party, the issue of child support is independent of the custody issue decided in the juvenile court. As is explained below, Alabama law does not support such a conclusion.
As DHR points out, the exceptions to the general rule, i.e., that a circuit court that has jurisdiction over the issue of custody of a child in a divorce action retains that jurisdiction, include situations in which the immediate welfare of the child is threatened or when an action alleging that the child is dependent is initiated. A.G. v. Ka.G., 114 So.3d 24, 26 (Ala.2012); Winford v. Winford, 139 So.3d 179, 182 (Ala.Civ.App.2013). Our supreme court has explained:
“Subject to two exceptions, when a circuit court acquires jurisdiction regarding an issue of child custody pursuant to a divorce action, it retains jurisdiction over that issue to the exclusion of the juvenile court. C.D.S. v. K.S.S., 963 So.2d 125, 129 (Ala.Civ.App.2007); Ex parte K.S.G., 645 So.2d 297, 299 (Ala.Civ.App.1992). Those two exceptions are: 1) when emergency circumstances exist that threaten the immediate welfare of the child; and 2) when a separate dependency action is instituted. M.P. v. C.P., 8 So.3d 316 (Ala.Civ.App.2008). The second exception is clearly applicable here.”
A.G. v. Ka.G., 114 So.3d at 26. Thus, a circuit court does not retain exclusive jurisdiction over a child whose custody is addressed in a divorce judgment when a separate action is initiated in a juvenile court alleging that the child is dependent. See Thompson v. Halliwell, 668 So.2d 43, 44 (Ala.Civ.App.1995) (rejecting a father’s argument that a juvenile court with jurisdiction over a dependent child could not address issues of custody and visitation because a circuit court originally had juris *1219 diction over the child pursuant to an earlier divorce judgment); Ex parte K.S.G., 645 So.2d 297, 300 (Ala.Civ.App.1992) (“[T]he juvenile court may assume jurisdiction to adjudicate custody when DHR brings a separate action alleging dependency and requesting that custody be removed from the custodial parent due to neglect and inability to care for the child.”).
In this case, DHR filed actions in the juvenile court alleging that the children were dependent. Those dependency actions triggered the exclusive jurisdiction of the juvenile court. See § 12-15-114(a), Ala.Code 1975 (“A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged ... to be dependent....”). In Ex parte M.D.C., however, unlike the facts of this case, the mother and the father were divorced by a circuit-court judgment and were later parties to a termination-of-parental-rights action initiated by M.D.C. in a juvenile court. In Ex parte M.D.C., custody of the children at issue was maintained by M.D.C., and the juvenile court did not enter an order pertaining to custody of the children at issue. That case did not involve a situation in which a third party, such as DHR, sought to have the children declared dependent and to have custody of the children removed from both parents. Thus, as DHR contends, the facts of Ex parte M.D.C. are distinguishable from those of this case in that the facts of this case fall within an exception to the general rule that a circuit court retains jurisdiction over a child whose custody has been previously determined in a divorce judgment entered by that circuit court.
In this case, the juvenile court obtained exclusive original jurisdiction over issues pertaining to the custody of the children when DHR filed its dependency petitions. The juvenile court found the children dependent and awarded custody of the children to DHR. When a juvenile court awards custody of children to DHR and determines that the parents are capable of contributing financially to the support of the children, the juvenile court must “order child support in conformity with the child support guidelines set out in Rule 32, Alabama Rules of Judicial Administration.” § 12 — 15—314(e), Ala.Code 1975.[2]
The June 14, 2013, judgments of the juvenile court did not constitute modifications of the parents’ divorce judgment. Rather, the juvenile court’s judgments were valid judgments concerning custody of the children and child support, issues over which the juvenile court exercised jurisdiction pursuant to its dependency jurisdiction.[3] Accordingly, we conclude that the mother has failed to demonstrate on appeal that the juvenile court was without jurisdiction to order her to pay child support for the benefit of her dependent children.
2120805 — AFFIRMED.
2120806 — AFFIRMED.
2120807 — AFFIRMED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, with writing.

. The father has not appealed the juvenile court's judgments.

. We note that the mother does not argue on appeal that she is unable to contribute to the support of the children, and she has not challenged the amount of her child-support obligation as determined by the juvenile court. Issues not argued in an appellate brief are deemed waived. Robino v. Kilgore, 838 So.2d 366, 370 (Ala.2002).

. We express no opinion regarding the operation of the parents’ divorce judgment entered by the circuit court.