REL:09/12/2014

Notice: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130813

_____

**Ex parte B.H.**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CIVIL APPEALS**

**(In re:  B.H.**

**v.**

**Tuscaloosa County Department of Human Resources)**

**(Tuscaloosa Juvenile Court, JU-12-549.01; JU-12-550.01;
and JU-12-566.01;
Court of Civil Appeals, 2120805)**

SHAW, Justice.

WRIT DENIED.  NO OPINION.

Stuart, Bolin, Murdock, Main, Wise, and Bryan, JJ., concur.

1130813

Shaw, J., concurs specially.

Moore, C.J., and Parker, J., dissent.

1130813

SHAW, Justice (concurring specially).

B.H. ("the mother") petitions this Court for certiorari review of the decision of the Court of Civil Appeals affirming the judgments of the Tuscaloosa Juvenile Court directing the mother to pay child support in connection with dependency actions as to her three children. B.H. v. Tuscaloosa Cnty. Dep't of Human Res., [Ms. 2120805, January 31, 2014] ___ So. 3d ___ (Ala. Civ. App. 2014). I concur to deny the petition.

In 2008, the mother and the father were divorced by the Tuscaloosa Circuit Court. The divorce judgment placed sole custody of the couple's children with the father. The divorce judgment did not order either party to pay the other child support.[1]

In November 2012 the Tuscaloosa County Department of Human Resources ("DHR") filed petitions in the Tuscaloosa Juvenile Court seeking a declaration that the mother and

___

[1]The mother indicates that the divorce judgment stated that "neither party shall pay any child support." Nothing before us indicates that this statement held anything more than that the actual parties to the divorce case--the mother and the father--were not required to pay child support to each other. Additionally, as explained further, that order could not impact a later dependency action, over which the circuit court would have no jurisdiction.

3

1130813

father's children were dependant. After further proceedings, the children were declared dependent. Under Ala. Code 1975, § 12-15-314, part of the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala. Code 1975, which became effective in 2009, when a child is found to be dependent, "the juvenile court" is empowered by the legislature, among other things, to "[t]ransfer legal custody" of the child to the Department of Human Resources or, among others, certain "local public" agencies. § 12-15-314(a)(3)a and b. The juvenile court in these cases placed the children in the custody of DHR.

"When a child is placed in the legal custody" of the Department of Human Resources or certain other departments, agencies, organizations, entities, or persons, § 12-15-314(e) requires that, "when the parent ... has resources for child support, the juvenile court shall order child support." This child support "shall be paid" to the Department of Human Resources or to the "department, agency, any other organization, entity, or person in whose legal custody the child is placed." Id. In compliance with the mandatory directives of this Code section, the juvenile court in the

4

1130813

instant cases ordered the mother and the father to pay child support to DHR.

According to the Court of Civil Appeals, the mother argued that the juvenile court's orders requiring the payment of child support to DHR "constituted invalid modifications of the circuit court's 2008 divorce judgment in which the circuit court had waived the requirement that the mother pay child support to the father." ___ So. 3d at ___ (emphasis added).

I see no modification to the 2008 divorce judgment by the juvenile court's action: The juvenile court did not order child support to be paid by the mother to the other party to the divorce judgment, i.e., the father. Instead, the juvenile court ordered child support to be paid to DHR, which was not a party to the divorce proceeding. Although the prior divorce judgment of the circuit court established the child support the mother and the father would be required to pay each other as part of their divorce, it did not, and could not, "establish" child-support obligations a parent might be required to pay as part of a later filed dependency action. The juvenile court, not the circuit court in a divorce action, has "exclusive original jurisdiction" to determine dependency

5

actions, Ala. Code 1975, § 12-15-114, and this includes issues of <u>both</u> custody <u>and</u> support. See § 12-15-314. The cases currently pending in the juvenile court are not the prior divorce action; they are wholly different actions, styled as between DHR, on the one hand, and the mother, on the other, and they invoke a wholly different court and jurisdiction, namely, the "exclusive original jurisdiction" of the juvenile court.

As the Court of Civil Appeals held, § 12-15-314 specifically empowers the juvenile court to order the mother and the father to pay child support to DHR. The fact that a juvenile court is a "lower court" to a circuit court is not material when it proceeds under the powers explicitly provided by the legislature; that circuit courts are placed over juvenile courts in the judicial hierarchy does not invalidate § 12-15-314. See Ala. Const. 1901, Art. VI, § 142(b) ("The circuit court shall exercise general jurisdiction in all cases <u>except as may otherwise be provided by law</u>." (emphasis added)). If the circuit court's decision as to child support in the divorce judgment forecloses the juvenile court from ordering the payment of child support in these dependency

6

cases, then the juvenile court had no power to transfer custody of the dependent children, because that issue has also "been litigated, and the circuit court retains jurisdiction over that issue." ___ So. 3d at ___ (Moore, C.J., dissenting). I see no support for holding that the Alabama Juvenile Justice Act essentially has no applicability when the parents of a purportedly dependent child were previously divorced by a proceeding in the circuit court.

Finally, as Judge Moore stated in his writing concurring in the result in the Court of Civil Appeals' opinion, the caselaw cited on appeal in support of the mother's position, Ex parte M.D.C., 39 So. 3d 1117 (Ala. 2009), and A.S. v. W.T.J., 984 So. 2d 1196 (Ala. Civ. App. 2007), did not involve dependency actions or § 12-15-314. ___ So. 3d at ___.

I see no probability of merit in the argument in the mother's certiorari petition that the Court of Civil Appeals erred. Rule 39(f), Ala. R. App. P. Therefore, I concur to deny the petition.

1130813

MOORE, Chief Justice (dissenting).

B.H. ("the mother) and M.H. ("the father") adopted
J.M.H., I.H., and A.H. ("the children") in 2001. The mother
and the father divorced in 2008. The divorce judgment entered
by the Tuscaloosa Circuit Court ("the circuit court") awarded
the father sole custody of the children and ordered the mother
not to pay child support because she and the father intended
that the mother's parental rights to the children would be
terminated.[2]

The Tuscaloosa County Department of Human Resources
("DHR") filed the present actions in the Tuscaloosa Juvenile
Court ("the juvenile court"), seeking to declare the children
dependent and to obtain custody over them. In March 2013, by
stipulation of the mother and the father, a referee for the
juvenile court found the children to be dependent and awarded
DHR custody over them. The referee then scheduled a hearing to
determine the mother's and the father's child-support
obligations under § 12-15-314(e), Ala. Code 1975, which
provides:

---

[2]The mother's parental rights had not been terminated when
the present actions were initiated.

8

1130813

> "When a child is placed in the legal custody of the Department of Human Resources ... and when the parent, legal guardian, or legal custodian of the child has resources for child support, the juvenile court shall order child support in conformity with the child support guidelines as set out in Rule 32, Alabama Rules of Judicial Administration."[3]

The juvenile court then ratified the referee's decisions according to Rule 2.1(G), Ala. R. Juv. P.,[4] and § 12-15-106(g), Ala. Code 1975.[5] The juvenile-court referee then ordered the mother and the father to pay child support for the children; the juvenile court ratified the child-support awards.

The mother appealed the juvenile court's judgments to the Court of Civil Appeals, alleging that the juvenile court lacked the jurisdiction to modify the child-support judgment of the circuit court, which had retained jurisdiction over its

---

[3]The provisions of Rule 32, Ala. R. Jud. Admin. (referenced in § 12-15-314(e)), are too lengthy to quote here. They set out the guidelines for child support in actions seeking to establish or modify child support.

[4]Effective July 1, 2014, Rule 2.1 has been rescinded because the substance of that rule has been codified in § 12-15-106, Ala. Code 1975.

[5]Rule 2.1(G), Ala. R. Juv. P., stated, and § 12-15-106(g), Ala. Code 1975, states: "The findings and recommendations of the referee shall become the order of the court when ratified by the original signature of a judge with authority over juvenile matters."

9

1130813

child-support order. The Court of Civil Appeals affirmed the judgments of the juvenile court on the ground that, when a circuit court considers custody and child-support obligations in a divorce action, the circuit court does not retain exclusive jurisdiction over separate lawsuits such as dependency actions that are unrelated to the divorce judgment. B.H. v. Tuscaloosa Cnty. Dep't of Human Res., [Ms. 2120805, January 31, 2014] ___ So. 3d ___, ___ (Ala. Civ. App. 2014). The Court of Civil Appeals held that DHR's filings with the juvenile court regarding dependency and custody triggered the exclusive jurisdiction of the juvenile court pursuant to § 12-15-114(a), Ala. Code 1975, which states that a "juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged ... to be dependent."

I agree that the juvenile court obtained exclusive original jurisdiction over the dependency matters when DHR filed the present actions in the juvenile court; however, I do not believe that the juvenile court's jurisdiction over the dependency matters allowed the juvenile court to modify the mother's child-support obligations ordered in the divorce

10

judgment entered by the circuit court. The juvenile court would have no jurisdiction over this matter but for the dependency of the children, and that dependency cannot be attributed to the mother because, pursuant to a circuit court's order, she was no longer responsible for the children's financial well being. The juvenile court entered its child-support orders pursuant to § 12-15-314(e), which requires juvenile courts to consult the child-support guidelines in Rule 32, Ala. R. Jud. Admin., before ordering child support. The guidelines for Rule 32 are "for use in any action to establish or modify child support, whether temporary or permanent." Because the circuit court had already established the child-support obligations of the mother and the father, the juvenile court could only modify those obligations. However, the juvenile court lacked the authority to modify those obligations, over which the circuit court retained jurisdiction. See A.S. v. W.T.J., 984 So. 2d 1196, 1202-03 (Ala. Civ. App. 2007)(voiding the juvenile court's child-support order for lack of subject-matter jurisdiction and holding that the circuit court not only "acquired subject-matter jurisdiction over the issue of custody" and "matters

11

pertaining to custody," but "it also acquired subject-matter jurisdiction over matters pertaining to visitation and child support" when it adjudicated those issues "within its divorce judgment" (emphasis added)).

A juvenile court's jurisdiction is limited, whereas a circuit court's jurisdiction is general. See § 12-15-117(a) (describing the limited nature of the juvenile court's jurisdiction); Art. VI, § 139(a), Ala. Const. 1901 (providing that Alabama's "unified judicial system ... shall consist of ... a trial court of general jurisdiction known as the circuit court"). A juvenile court is a lower court to a circuit court and, as such, even with exclusive original jurisdiction over dependency actions, has no authority to order a parent to pay child support the circuit court has ordered the parent not to pay. From the moment the circuit court awarded custody to the father and discharged the mother from her child-support obligations, the father bore the responsibility to support and care for the children. The issue whether the mother was obligated to pay child support has been litigated, and the circuit court retains jurisdiction over that issue. See Ex parte Lipscomb, 660 So. 2d 986, 989 (Ala. 1994)(holding that

12

"matters of child custody are never res judicata, and the circuit court retains jurisdiction over the matter for modification"). Because the juvenile court improperly modified the circuit court's judgment by ordering the mother to pay child support in contravention of the circuit court's order, I respectfully dissent.