SHAW, Justice
(concurring specially).
B.H. (“the mother”) petitions this Court for certiorari review of the decision of the Court of Civil Appeals affirming the judgments of the Tuscaloosa Juvenile Court directing the mother to pay child support in connection with dependency actions as to her three children. B.H. v. Tuscaloosa Cnty. Dep’t of Human Res., 161 So.3d 1215 (Ala.Civ.App.2014). I concur to deny the petition.
In 2008, the mother and the father were divorced by the Tuscaloosa Circuit Court. The divorce judgment placed sole custody of the couple’s children with the father. The divorce judgment did not order either party to pay the other child support.[1]
In November 2012 the Tuscaloosa County Department of Human Resources (“DHR”) filed petitions in the Tuscaloosa Juvenile Court seeking a declaration that the mother and father’s children were dependent. After further proceedings, the children were declared dependent. Under Ala.Code 1975, § 12-15-314, part of the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975, which became effective in 2009, when a child is found to' be dependent, “the juvenile court” is empowered by the legislature, among other things, to “[tjransfer legal custody” of the child to the Department of Human Resources or, among others, certain “local public” agencies. §. 12-15-314(a)(3)a and b. The juvenile court in these cases placed the children in the custody of DHR.
“When a child is placed in the legal custody” of the Department of Human Resources or certain other departments, agencies, organizations, entities, or persons, § 12-15-314(e) requires that, “when the parent ... has .resources for child support, the juvenile court shall order child support.” This child support “shall be paid” to the Department of Human Resources or to the “department, agency, any other organization, entity, or person in whose legal custody the child is placed.” Id. In compliance with the mandatory directives of this Code section, the juvenile court in the instant cases ordered the mother and the father to pay child support to DHR.
According to the Court of Civil Appeals, the mother argued that the juvenile court’s orders requiring the payment of child support to DHR “constituted invalid modifications of the circuit court’s 2008 divorce judgment in which the circuit court had waived the requirement that the mother pay child support to the father.” 161 So.3d at 1217 (emphasis added).
I see no modification to the 2008 divorce judgment by the juvenile court’s action: The juvenile court did not order child support to be paid by the mother to the other party to the divorce judgment, i.e., the father. Instead, the juvenile court ordered child support to be paid to DHR, which was not a party to the divorce proceeding. Although the prior divorce judgment of the circuit court established the child support the mother and the father would be required to pay each other as part of their divorce, it did not, and could not, “establish” child-support obligations a parent might be required to pay as part of *1222 a later filed dependency action. The juvenile court, not the circuit court in a divorce action, has “exclusive original jurisdiction” to determine dependency actions, Ala.Code 1975, § 12-15-114, and this includes issues of both custody and support. See § 12-15-314. The cases currently pending in the juvenile court are not the prior divorce action; they are wholly different actions, styled as between DHR, on the one hand, and the mother, on the other, and they invoke a wholly different court and jurisdiction, namely, the “exclusive original jurisdiction” of the juvenile court.
As the Court of Civil Appeals held, § 12-15-314 specifically empowers the juvenile court to order the mother and the father to pay child support to DHR. The fact that a juvenile court is a “lower court” to a circuit court is not material when it proceeds under the powers explicitly provided by the legislature; that circuit courts are placed over juvenile courts in the judicial hierarchy does not invalidate § 12-15-314. See Ala. Const.1901, Art. VI, § 142(b) (“The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law.” (emphasis added)). If the circuit court’s decision as to child support in the divorce judgment forecloses the juvenile court from ordering the payment of child support in these dependency cases, then the juvenile court had no power to transfer custody of the dependent children, because that issue has also “been litigated, and the circuit court retains jurisdiction over that issue.” 161 So.3d at 1218 (Moore, C.J., dissenting). I see no support for holding that the Alabama Juvenile Justice Act essentially has no applicability when the parents of a purportedly dependent child were previously divorced by a proceeding in the circuit court.
Finally, as Judge Moore stated in his writing concurring in the result in the Court of Civil Appeals’ opinion, the case-law cited on appeal in support of the mother’s position, Ex parte M.D.C., 39 So.3d 1117 (Ala.2009), and A.S. v. W.T.J., 984 So.2d 1196 (Ala.Civ.App.2007), did not involve dependency actions or § 12-15-314. 161 So.3d at 1220.
I see no probability of merit in the argument in the mother’s certiorari petition that the Court of Civil Appeals erred. Rule 39(f), Ala. R.App. P. Therefore, I concur to deny the petition.

. The mother indicates that the divorce judgment stated that "neither party shall pay any child support.” Nothing before us indicates that this statement held anything more than that the actual parties to the divorce case— the mother and the father — were not required to pay child support to each other. Additionally, as explained further, that order could not impact a later dependency action, over which the circuit court would have no jurisdiction.