MOORE, Chief Justice
(dissenting).
B.H. (“the mother”) and M.H. (“the father”) adopted J.M.H., I.H., and A.H. (“the children”) in 2001. The mother and the father divorced in 2008. The divorce judgment entered by the Tuscaloosa Circuit Court (“the circuit court”) awarded the father sole custody of the children and ordered the mother not to pay child support because she and the father intended that the mother’s parental rights to the children would be terminated.[2]
The Tuscaloosa County Department of Human Resources (“DHR”) filed the present actions in the Tuscaloosa Juvenile Court (“the juvenile court”), seeking to declare the children dependent and to obtain custody over them. In March 2013, by stipulation of the mother and the father, a referee for the juvenile court found the children to be dependent and awarded DHR custody over them. The referee then scheduled a hearing to determine the mother’s and the father’s child-support ob *1223 ligations under § 12-15-314(e), Ala.Code 1975, which provides:
“When a child is placed in the legal custody of the Department of Human Resources ... and when the parent, legal guardian, or legal custodian of the child has resources for child support, the juvenile court shall order child support in conformity with the child support guidelines as set out in Rule 32, Alabama Rules of Judicial Administration.” [3]
The juvenile court then ratified the referee’s decisions according to Rule 2.1(G), Ala. R. Juv. P.,[4] and § 12-15-106(g), Ala. Code 1975.[5] The juvenile-court referee then ordered the mother and the father to pay child support for the children; the juvenile court ratified the child-support awards.
The mother appealed the juvenile court’s judgments to the Court of Civil Appeals, alleging that the juvenile court lacked the jurisdiction to modify the child-support judgment of the circuit court, which had retained jurisdiction over its child-support order. The Court of Civil Appeals affirmed the judgments of the juvenile court on the ground that, when a circuit court considers custody and child-support obligations in a divorce action, the circuit court does not retain exclusive jurisdiction over separate lawsuits such as dependency actions that are unrelated to the divorce judgment. B.H. v. Tuscaloosa Cnty. Dep’t of Human Res., 161 So.3d 1215, 1221 (Ala.Civ.App.2014). The Court of Civil Appeals held that DHR’s filings with the juvenile court regarding dependency and custody triggered the exclusive jurisdiction of the juvenile court pursuant to § 12-15-114(a), Ala.Code 1975, which states that a “juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged ... to be dependent.”
I agree that the juvenile court obtained exclusive original jurisdiction over the dependency matters when DHR filed the present actions in the juvenile court; however, I do not believe that the juvenile court’s jurisdiction over the dependency matters allowed the juvenile court to modify the mother’s child-support obligations ordered in the divorce judgment entered by the circuit court. The juvenile court would have no jurisdiction over this matter but for the dependency of the children, and that dependency cannot be attributed to the mother because, pursuant to a circuit court’s order, she was no longer responsible for the children’s financial well being.. The juvenile court entered its child-support orders pursuant to § 12-15-314(e), which requires juvenile courts to consult the child-support guidelines in Rule 32, Ala. R. Jud. Admin., before ordering child support. The guidelines for Rule 32 are “for use in any action to establish or modify child support, whether temporary or permanent.” Because the circuit court had already established the child-support obligations of the mother and the father, the juvenile court could only modify those *1224 obligations. However, the juvenile court lacked the authority to modify those obligations, over which the circuit court retained jurisdiction. See A.S. v. W.T.J., 984 So.2d 1196, 1202-03 (Ala.Civ.App.2007)(voiding the juvenile court’s child-support order for lack of subject-matter jurisdiction and holding that the circuit court not only “acquired subject-matter jurisdiction over the issue of custody” and “matters pertaining to custody,” but “it also acquired subject-matter jurisdiction over matters pertaining to visitation and child support ” when it adjudicated those issues “within its divorce judgment” (emphasis added)).
A juvenile court’s jurisdiction is limited, whereas a circuit court’s jurisdiction is general. See § 12-15-117(a) (describing the limited nature of the juvenile court’s jurisdiction); Art. VI, § 139(a), Ala. Const. 1901 (providing that Alabama’s “unified judicial system ... shall consist of ... a trial court of general jurisdiction known as the circuit court”). A juvenile court is a lower court to a circuit court and, as such, even with exclusive original jurisdiction over dependency actions, has no authority to order a parent to pay child support the circuit court has ordered the parent not to pay. From the moment the circuit court awarded custody to the father and discharged the mother from her child-support obligations, the father bore the responsibility to support and care for the children. The issue whether the mother was obligated to pay child support has been litigated, and the circuit court retains jurisdiction over that issue. See Ex parte Lipscomb, 660 So.2d 986, 989 (Ala.1994)(holding that “matters of child custody are never res judicata, and the circuit court retains jurisdiction over the matter for modification”). Because the juvenile court improperly modified the circuit court’s judgment by ordering the mother to pay child support in contravention of the circuit court’s order, I respectfully dissent.

. The mother's parental rights had not been terminated when the present actions were initiated.

. The provisions of Rule 32, Ala. R. Jud. Admin. (referenced in § 12-15-314(e)), are too lengthy to quote here. They set out the guidelines for child support in actions seeking to establish or modify child support.

. Effective July 1, 2014, Rule 2.1 has been rescinded because the substance of that rule has been codified in § 12-15-106, Ala.Code 1975.

.Rule 2.1(G), Ala. R. Juv. P., stated, and § 12 — 15—106(g), Ala.Code 1975, states: "The findings' and recommendations of the referee shall become the order of the court when ratified by the original signature of a judge with authority over juvenile matters.”