THOMAS, Judge.
J.C. (“the mother”) and M.W.P. (“the father”) were divorced by a judgment entered by the Etowah Circuit Court in November 2012. The circuit court incorporated the parents’ agreement regarding, among other things not pertinent to this appeal, custody of their daughter, K.B.P. (“the child”). The circuit court awarded the mother sole legal and physical custody of the child; it awarded the father specific visitation. The agreement named H.W.R. and H.R. as emergency-medical contacts for the child and referred to them as “the child’s godparents.”
On August 1, 2014, H.W.R. and H.R. (“the godparents”) filed in the Etowah Juvenile Court a petition seeking custody of the child; in their petition, the godparents *625 sought an ex parte order awarding them immediate custody. The godparents alleged that the child had resided with them the majority of her life and that the mother had “made threats” regarding removing the child from their care. The godparents alleged that the child was dependent because the parents were unable to care for the child. The godparents asserted that the mother had sporadically visited the child, had not maintained stable housing or employment, and had not supported the child and that the father had abandoned the child. The godparents requested a temporary award of sole legal and physical custody of the child. On August 4, 2014, after an ex parte hearing, the juvenile court entered an order (“the ex parte order”) adjudicating the child dependent and awarding temporary custody of the child to the godparents. It awarded visitation to the mother at times “mutually agreed upon” by the godparents and the mother. It scheduled a hearing on the matter for September 17, 2014. Thereafter, on August 7, 2014, the godparents’ summons and petition were served on the mother.
On August 12, 2014, the mother filed a motion to vacate the ex parte order. The mother alleged, among other things, that the ex parte order violated her due-process rights, that the juvenile court had improperly adjudicated the child dependent without conducting a dependency hearing, that the ex parte emergency hearing was improper because the child had not been subjected to abuse or neglect, that the juvenile court lacked jurisdiction to enter the ex parte order, and that the godparents lacked standing. On' August 12, 2014, the juvenile court entered an order denying the mother’s motion seeking to vacate the ex parte order. On August 14, 2014, the mother filed a motion seeking an immediate hearing or to vacate the ex parte order. The mother appended to the motion her affidavit, in which she testified that the godparents are unrelated to the child, that the mother had maintained stable housing and employment, that the child had resided with the mother, that the godparents had provided “child care” when the mother was working, and that the mother had supported the child. That same day, the juvenile court entered an order denying the mother’s motion seeking an immediate hearing. The mother timely filed a petition for the writ of mandamus in this court on August 22, 2014, seeking a writ of mandamus compelling the juvenile court to dismiss the action because, she asserts, the juvenile court lacks jurisdiction over the matter. The mother also complains that the juvenile court improperly failed to conduct a hearing within 72 hours of the entry of the ex parte order, pursuant to § 12-15-308(a), Ala.Code 1975, and improperly adjudicated the child dependent without conducting a hearing at which she could participate.
“ ‘A writ of mandamus is an extraordinary remedy ... that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner.’ Ex parte Edwards, 727 So.2d 792, 794 (Ala.1998). The petitioner must demonstrate:
“ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction pf the court.” ’
“Ex parte Edwards, 727 So.2d at 794 (quoting Ex parte Adams, 514 So.2d 845, 850 (Ala.1987)).”
Ex parte D.J.B., 859 So.2d 445, 448 (Ala.Civ.App.2003).
The juvenile court properly exercised jurisdiction over the matter. Section *626 12-15-114(a), Ala.Code 1975, provides, in its entirety:
“(a) A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents. Juvenile cases before the juvenile court shall be initiated through the juvenile court intake office pursuant to this chapter.”
In this case, the action was not between the child’s parents; the godparents filed an action in the juvenile court alleging that the child was dependent because, they said, the parents were unable to care for the child.
“[A] circuit court does not retain exclusive jurisdiction over a child whose custody is addressed in a divorce judgment when a separate action is initiated in a juvenile court alleging that the child is dependent. See Thompson v. Halliwell, 668 So.2d 43, 44 (Ala.Civ.App.1995) (rejecting a father’s argument that a juvenile court with jurisdiction over a dependent child could not address issues of custody and visitation because a circuit court originally had jurisdiction over the child pursuant to an earlier divorce judgment); Ex parte K.S.G., 645 So.2d 297, 300 (Ala.Civ.App.1992) (‘[T]he juvenile court may assume jurisdiction to adjudicate custody when [a third party] brings a separate action alleging dependency and requesting that custody be removed from the custodial parent due to neglect and inability to care for the child.’).”
B.H. v. Tuscaloosa Cnty. Dep’t of Human Res., 161 So.3d 1215, 1219 (Ala.Civ.App.2014), writ denied, 161 So.3d 1220 (Ala.2014). Therefore, we do not agree with the mother that the juvenile court lacked subject-matter jurisdiction over the godparents’ petition.
Next the mother contends that the juvenile court violated § 12-15-308(a), Ala. Code 1975, by failing to hold a hearing within 72 hours of the entry of the ex parte order. That section provides:
“When a child alleged to be dependent has been removed from the custody of the parent ... and has not been returned to same, a hearing shall be held within 72 hours from the time of removal, Saturdays, Sundays, and holidays included, to determine whether continued shelter care is necessary.”
The serious nature of removing the child from the' custody of the mother without giving her notice and an opportunity to be' heard at the August 4, 2014, ex parte hearing required that the juvenile court afford the mother that opportunity as expeditiously was possible. We agree with the mother that setting a hearing to be held nearly seven weeks later violated § 12-15-308(a). See K.S. v. G.A.B., 911 So.2d 1085, 1097 (Ala.Civ.App.2005)(decided under former § 12-15-60(a) and § 12-15-153, which required a trial court to hold a 72-hour hearing when a child is summarily removed from parental custody). Although September 17, 2014, has passed, no party has apprised this court of whether the hearing occurred or whether the issue is moot; therefore, we direct the juvenile court to hold a hearing immediately-
In a related argument, which, again, could have been rendered moot by a hearing of which we have not been made aware, the mother argues that entering the ex parte order adjudicating the child dependent without conducting a hearing at which she could participate violated her right to due process. We agree.
“Alabama courts have long held that an evidentiary hearing on the merits of a *627 dependency petition is required in order for a juvenile court to declare a child to be dependent. See Ex parte Linnell, 484 So.2d 455, 457 (Ala.1986) (construing former Ala.Code 1975, § 12-15-65(d), the predecessor statute to Ala.Code 1975, § 12-15-310(a) & (b)); K.C.G. v. S.J.R., 46 So.3d 499, 501 (Ala.Civ.App.2010); and Ex parte W.H., 941 So.2d 290 (Ala.Civ.App.2006) (construing former § 12 — 15—65(d)). The Aabama Juvenile Justice Act ... did not alter this requirement. In fact, § 12-15-310(a) explains that an ‘adjudicatory hearing’ is a hearing at which evidence is presented in support of a dependency petition, and § 12-15-310(b) states that the juvenile court should hear evidence on the petition if the parties dispute the allegations in the petition or if they fail to respond to the petition.”
Ex parte S.P., 72 So.3d 1250, 1253 (Ala.Civ.App.2011).
The mother has demonstrated a clear legal right to the relief she seeks. The juvenile court clearly violated the mother’s due-process rights by refusing to promptly conduct a hearing at which she could participate. We grant the mother’s petition for a writ of mandamus; the juvenile court is instructed to conduct a hearing on the child’s dependency immediately. The mother’s motion to strike the godparents’ amended answer is denied.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.