MOORE, Judge.
In appeal no. 2150198, K.D.C. (“the custodian”) appeals from a judgment entered by the Madison Juvenile Court (“the juvenile court”) denying her claim for child support from R.J.M. (“the father”) for the periods she exercised custody of K.E.M. and R.R.M., the children of the father and D.A.M. (“the mother”). In appeal no. 2150199, the custodian appeals from a judgment entered by the juvenile court denying her claim for child support from the mother for the period she exercised custody of R.R.M. We reverse the juvenile court’s judgment in appeal no. 2150198; we affirm the judgment in appeal no. 2150199.
The custodian was awarded custody of K.E.M. by a judgment of the Jefferson Juvenile Court that was entered on May 2, 2013. The Jefferson Juvenile Court awarded custody of R.R.M. to the custodian in a judgment entered on April 4, 2014. Neither the May 2, 2013, judgment nor the April 4, 2014, judgment addressed child support. The custodian filed in the juvenile court separate actions seeking child support from the mother for R.R.M. and from the father for K.E.M. and R.R.M.[1] The juvenile court entered judgments denying the custodian’s requests for child support, and the custodian appeals.
The custodian testified that she had exercised custody of K.E.M. from April 2013 through July 15, 2014; however, K.E.M. turned 19 and was emancipated on December 1, 2013. The custodian testified that she had exercised custody of R.R.M. from November 1, 2013, through March 2015. The mother and the father testified that they were generally unaware that the custodian had been awarded custody of R.R.M., and they denied that they had any responsibility for paying child support.
Section 12-15-314(e), Ala.Code 1975, provides, in pertinent part:
“When a child is placed in the legal custody of the Department of Human Resources or any other department, agency, organization, entity, or person pursuant to this section and when the parent, legal guardian, or legal custodian of the child has resources for child support, the juvenile court shall order child support in conformity with the child support guidelines as set out in Rule 32, Alabama Rules of Judicial Administration.”
*1135 See also B.H. v. Tuscaloosa Cty. Dep’t of Human Res., 161 So.3d 1215, 1219 (Ala.Civ.App.2014) (“When a juvenile court awards custody of children to [the Department of Human Resources] and determines that the parents are capable of contributing financially to the support of the children, the juvenile court must ‘order child support in conformity with the child support guidelines set out in Rule 32, Alabama Rules of Judicial Administration.’ § 12-15-314(e), Ala.Code 1975.”), cert. denied, Ex parte B.H., 161 So.3d 1220 (Ala.2014). The custodian argues that the juvenile court should have awarded her child support pursuant to § 12-15-314(e).
Section 12-15-314(e) clearly applies when a juvenile court places a child that it has determined to be dependent in the custody of a third party, i.e., someone other than a parent. In this case, the Jefferson Juvenile Court, upon finding the children to be dependent and awarding their custody to the custodian, should have ordered child support, but it did not. That omission does not leave the custodian without redress. Section 12-15-314(e) can be read broadly enough to allow a juvenile court that has acquired jurisdiction over the matter to order retroactive child support when a different juvenile court has previously declared the child dependent and has placed the child in the custody of a third party without an accompanying child-support order. See also § 30-3-110 et seq., Ala.Code 1975 (authorizing action by legal custodian for retroactive child support). Given the strong public policy favoring child support, see Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963), we believe the legislature intended that § 12-15-314(e) would apply in the context of the present cases.
The record shows that the custodian filed a CS-42 child-support-guidelines form to establish the child-support obligation of the father. See Rule 32(E), Ala. R. Jud. Admin. That form shows that the father had the resources to pay child support during the pertinent periods. The father did not file any child-support forms or testify as to his income. The juvenile court therefore had before it sufficient and undisputed information upon which to calculate the father’s child-support obligation. The juvenile court thus erred in denying the custodian’s claim for child support against the father with regard to K.E.M. and R.R.M. In appeal no. 2150198, we therefore reverse the juvenile court’s judgment and remand the cause to the juvenile court with instructions to determine the amount of child support due the custodian from the father.
The custodian did not submit any child-support forms or present any evidence from which the juvenile court could have determined that the mother had the resources to pay child support or the amount of child support due from the mother. Therefore, we conclude that the custodian failed to meet the prerequisites for recovery of child support from the mother under § 12-15-314(e). The custodian petitions this court to remand the case to the juvenile court to allow her to present the necessary evidence, but she cites no legal authority authorizing such procedure. See Rule 28(a)(10), Ala. R. Civ. P. Accordingly, in appeal no. 2150199, the judgment in favor of the mother is affirmed.
2150198—REVERSED AND REMANDED WITH INSTRUCTIONS.
2150199—AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The State of Alabama filed child-support actions on behalf of the custodian against the father in November 2013 and against the mother in March 2014. See Ala.Code 1975, § 38-10-4. The juvenile court later dismissed those actions, but subsequently set aside the dismissals, and, by separate orders entered on October 14, 2015, allowed the custodian to intervene to pursue her own claims for child support.