Rel: January 5, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0274

_____

### K.L.

### v.

### M.W.

### Appeal from Autauga Juvenile Court
### (JU-23-44.01)

THOMPSON, Presiding Judge.

In late February or early March 2023, M.W., acting pro se, filed in the Autauga Juvenile Court ("the juvenile court") a petition pertaining to Pa.L. ("the child"), a minor child born to K.L. ("the mother"). The juvenile-court intake officer and the juvenile court treated M.W.'s petition as one

seeking to have the child found dependent and in which M.W. was seeking an award of custody of the child. On the court-supplied form that served as her petition, M.W. indicated that the child was five years old. As a factual basis for her petition, M.W. included on the form the following handwritten allegations:

"[The mother] and I were strangers. We spoke over the telephone. [A.G.], a cousin of [the mother] and an associate of mine, informed me that [the mother] and the [child] were living in a hotel with people who did drugs. [The] seven-month-old [child] was given to [A.G.'s] mother[, H.G.], who was already raising [the child's older sibling].[1] [The child's older sibling] had been with [H.G.] since she was four years old. [H.G.] could not care for [the child's older sibling] and [the child]. They wanted to find someone that would take care of [the child]. I called [A.G.] one day just to chat, and [A.G.] began to tell me she was on the side of the road, praying and asking God to send her someone to take care of the [child]. [A.G.] asked me to care for the [child]."

In addition, in her petition, M.W. alleged that she had been informed that the child's father or alleged father was in prison.

Later, in an ex parte motion in which she requested an immediate award of "emergency" pendente lite custody of the child, M.W. alleged

---

[1]The handwritten, pro se petition does not identify H.G. by her last name, but H.G.'s full name is set forth in other places in the record on appeal.

2

that she had maintained custody of the child for approximately four years, that the mother had executed a "delegation of parental authority" in favor of M.W. in August 2022, and that the mother was not fit to take care of the child. M.W. further stated in that motion for an award of immediate pendente lite custody of the child that she believed that the mother would attempt to remove the child from the jurisdiction of the juvenile court.

On April 3, 2023, the juvenile court entered an ex parte order in which it awarded M.W. pendente lite custody of the child and found the child to be dependent. In that order, the juvenile court also scheduled a hearing on M.W.'s motion for April 5, 2023.

On April 7, 2023, the juvenile court entered an order in which it found, based upon evidence presented at the April 5, 2023, hearing and upon the arguments of the parties, that the child was dependent. The juvenile court again awarded pendente lite custody of the child to M.W., and it suspended the mother's visitation with the child pending a final hearing, which it scheduled for April 26, 2023.

Following that hearing, on April 28, 2023, the juvenile court entered a judgment in which it determined that the child was dependent,

3

awarded custody of the child to M.W., and awarded the mother visitation with the child. The juvenile court also admonished the parties to work together for the best interests of the child, and it ordered the action "closed."

The mother filed a postjudgment motion on May 1, 2023. On that same date, the mother filed a notice of appeal to this court. The mother's appeal was held in abeyance pending the disposition of her postjudgment motion. See Rule 59.1, Ala. R. Civ. P.; Rule 1(B), Ala. R. Juv. P.; and Rule 4(a)(5), Ala. R. App. P. On May 9, 2023, the juvenile court entered an amended judgment in which it modified the schedule of visitation awarded to the mother. The mother's appeal became effective on May 9, 2023. See Rule 4(a)(5); and K.R.S. v. DeKalb Cnty. Dep't of Hum. Res., 236 So. 3d 910, 912 (Ala. Civ. App. 2017).

The mother's first argument is dispositive of this appeal. The mother argues that the juvenile court lacked subject-matter jurisdiction over this matter because, she contends, M.W.'s petition did not contain sufficient allegations to invoke the dependency jurisdiction of the juvenile court. The mother did not assert this argument in the juvenile court. However, the issue of subject-matter jurisdiction may not be waived, and

4

it may be raised at any time, even for the first time on appeal or by an appellate court, ex mero motu. R.J. v. J.N.M.W., 339 So. 3d 935, 937 (Ala. Civ. App. 2021); M.B.L. v. G.G.L., 1 So. 3d 1048, 1050 (Ala. Civ. App. 2008) (citing S.B.U. v. D.G.B., 913 So. 2d 452 (Ala. Civ. App. 2005)). This court reviews a question concerning subject-matter jurisdiction de novo. M.B.L. v. G.G.L., 1 So. 3d at 1050.

Section 12-15-114(a), Ala. Code 1975, a portion of the Alabama Juvenile Justice Act ("the AJJA"), § 12-15-101 et seq., Ala. Code 1975, provides that "[a] juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to … be dependent." The AJJA requires that a dependency action must be commenced by filing a petition with a juvenile-court intake officer. See § 12-15-114(a) ("Juvenile cases before the juvenile court shall be initiated through the juvenile court intake officer pursuant to [the AJJA]."); and § 12-15-120(a), Ala. Code 1975 ("[D]ependency cases … shall be initiated by the filing of a petition by the juvenile court intake officer who shall receive verified complaints and proceed thereon pursuant to rules of procedure adopted by the Supreme Court of Alabama."). The juvenile-

court intake officer must then determine whether the proposed dependency petition should be allowed to proceed in the juvenile court.

> "(B) In determining whether to receive a complaint, the juvenile court intake officer shall conduct a preliminary inquiry to determine whether the acts or conditions alleged are within the subject-matter jurisdiction of the juvenile court, whether venue is proper, and whether probable cause exists to believe that the child is delinquent, dependent, in need of supervision, or in violation of an order of probation or aftercare."

Rule 12(B), Ala. R. Juv. P. See also § 12-15-120(b) (providing that a dependency petition may not be filed unless the juvenile-court intake officer determines, among other things, that the petition invokes the subject-matter jurisdiction of the juvenile court).

The requirements for the form and content of a dependency petition are set forth in § 12-15-121, Ala. Code 1975, which provides, in pertinent part:

> "(a) A juvenile petition alleging delinquency, in need of supervision, or dependency may be signed by any person 18 years of age or older, other than a juvenile court intake officer, who has knowledge of the facts alleged or is informed of them and believes that they are true. However, the person signing a dependency petition, in the petition or in an attached affidavit, shall give information, if reasonably ascertainable, as required in Section 30-3B-209[, Ala. Code 1975].
>
> "....

6

"(c) The petition shall set forth with specificity … the following:

"(1) The facts which bring the child under the jurisdiction of the juvenile court, the facts constituting the alleged dependency, delinquency, or need of supervision and the facts showing that the child is in need of supervision, treatment, rehabilitation, care, or the protection of the state, as the case may be."

A petition that will invoke the dependency jurisdiction of a juvenile court is one that "avers facts that, if proven to be true, would establish the dependency of the child under § 12-15-102(8), [Ala. Code 1975,] regardless of the particular language pleaded." R.J. v. J.N.M.W., 339 So. 3d at 938. See also Ex parte L.E.O., 61 So. 3d 1042, 1047 n.4 (Ala. 2010).

In this case, the juvenile-court intake officer allowed M.W.'s petition to proceed for consideration in the juvenile court. Thus, the juvenile-court intake officer implicitly determined that M.W.'s petition was sufficient to invoke the subject-matter jurisdiction of the juvenile court over dependency actions. However, the determination of the juvenile-court intake officer is not dispositive, and the issue of subject-matter jurisdiction may be questioned at any point in the proceedings. G.W.K. v. B.W.M., [Ms. CL-2022-0911, July 14, 2023] ___ So. 3d ___, ___

(Ala. Civ. App. 2023); <u>M.B.L. v. G.G.L.</u>, supra. In fact, the juvenile court, in initially reviewing the petition, should examine its jurisdiction over the matter and determine whether its dependency jurisdiction has been invoked; if not, it must dismiss the action. <u>G.W.K. v. B.W.M.</u>, ___ So. 3d at ___. <u>See also</u> <u>M.H.-J. v. P.H.-J.</u>, 324 So. 3d 1270, 1271 (Ala. Civ. App. 2020) (affirming a juvenile-court judgment that dismissed a dependency action filed in regard to a person who was 18 years old and, therefore, was not a "child" as defined by § 12-15-102(3), Ala. Code 1975, who could be determined to be dependent under the AJJA).

Thus, this court must determine whether the allegations in M.W.'s petition, if proven to be true, were sufficient to support a determination that the child was dependent. This court has recently reiterated that "'"[a] child is dependent if, <u>at the time a petition is filed in the juvenile court</u> alleging dependency, the child meets the statutory definition of a dependent child."'" <u>G.W.K. v. B.W.M.</u>, ___ So. 3d at ___ (quoting <u>A.G. v. Ka.G.</u>, 114 So. 3d 24, 26 (Ala. 2012), quoting in turn <u>Ex parte L.E.O.</u>, 61 So. 3d at 1046) (emphasis added). Under the AJJA, a "dependent child" is:

"[a] child who has been adjudicated dependent by a juvenile court and is in need of care or supervision and meets any of the following circumstances:

"1. Whose parent, legal guardian, legal custodian, or other custodian subjects the child or any other child in the household to abuse, as defined in Section 12-15-301[, Ala. Code 1975,] or neglect as defined in Section 12-15-301, or allows the child to be so subjected.

"2. Who is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.

"3. Whose parent, legal guardian, legal custodian, or other custodian neglects or refuses, when able to do so or when the service is offered without charge, to provide or allow medical, surgical, or other care necessary for the health or well-being of the child.

"4. Whose parent, legal guardian, legal custodian, or other custodian fails, refuses, or neglects to send the child to school in accordance with the terms of the compulsory school attendance laws of this state.

"5. Whose parent, legal guardian, legal custodian, or other custodian has abandoned the child, as defined in subdivision (1) of Section 12-15-301.

"6. Whose parent, legal guardian, legal custodian, or other custodian is unable or

9

unwilling to discharge his or her responsibilities to and for the child.

"7. Who has been placed for care or adoption in violation of the law.

"8. Who, for any other cause, is in need of the care and protection of the state."

§ 12-15-102(8)a., Ala. Code 1975.

M.W.'s petition alleges, in essence, that, when the child was seven months old, the mother and the child were living with people who used illegal drugs. That petition further alleges that, when the child was seven months old, the mother left the child in the care of H.G., who was already caring for the child's older sibling and who could not care for both the older sibling and the child. Therefore, H.G.'s daughter, A.G., asked M.W. "to care for" the child. The petition also indicates that, at the time it was filed, the child was five years old.

M.W.'s petition contains no other information concerning the mother's conduct toward the child in the years between the time the child was seven months old and the date of the petition, when M.W. indicated that the child was five years old. M.W.'s petition contains no allegations or assertions that, if proven to be true, would show that the child was

10

dependent at the time the petition was filed in the juvenile court. See Ex parte L.E.O., supra; and G.W.K. v. B.W.M., supra. Accordingly, we agree with the mother's argument that M.W.'s petition did not contain sufficient allegations that could result in a determination that the child was dependent at the time the petition was filed in the juvenile court. A.G. v. Ka.G., supra; Ex parte L.E.O., supra; G.W.K. v. B.W.M., supra.

In her brief submitted to this court, M.W. argues that, in context, considering the petition as a whole, "it can be presumed" that the child had remained in M.W.'s home and had been abandoned by the mother. We cannot agree. "To satisfy § 12-15-121(c)(1)[, Ala. Code 1975,] and to invoke the dependency jurisdiction of a juvenile court, a party must allege specific facts in its petition indicating that a child is a 'dependent child' as defined in § 12-15-102(8)a.[, Ala. Code 1975]." G.W.K. v. B.W.M., ___ So. 3d at ___ (emphasis added). See also L.B. v. R.L.B., 53 So. 3d 969, 972 (Ala. Civ. App. 2010) ("By failing to allege with specificity that the child was in need of supervision or to otherwise allege facts that, if proven, would establish the child's dependency, the father, in turn, failed to properly invoke the jurisdiction of the juvenile court."). The requirement

11

that a child's dependency must be alleged through specific facts prevents the courts from inferring dependency based on speculation.

We note that, in M.W.'s motion seeking an immediate award of pendente lite custody of the child, M.W. made additional assertions that might arguably be considered to be dependency allegations. However, later motions or amendments to a complaint or a dependency petition that contain additional factual allegations do not operate to cure a petitioner's failure to properly invoke the subject-matter jurisdiction of a court in his or her original complaint or petition. Alabama Dep't of Corr. v. Montgomery Cnty. Comm'n, 11 So. 3d 189, 191 (Ala. 2008); G.W.K. v. B.W.M., supra. Therefore, we hold that the assertions made in M.W.'s motion for pendente lite custody, together with the allegations in the petition, could not operate to create subject-matter jurisdiction in the juvenile court over this matter.

M.W.'s petition filed in the juvenile court did not properly invoke the juvenile court's subject-matter jurisdiction. Therefore, the proceedings in, and the judgment of, the juvenile court were void. G.W.K. v. B.W.M., supra. A void judgment will not support an appeal, and,

therefore, we dismiss this appeal. <u>R.L. v. J.E.R.</u>, 69 So. 3d 898, 902 (Ala. Civ. App. 2011).

APPEAL DISMISSED.

Moore, Edwards, Hanson, and Fridy, JJ., concur.